## BORNE v. PARISH DEMOCRATIC EXECUTIVE COMMITTEE FOR PARISH OF ST. JOHN THE BAPTIST.

### No. 17328.

Court of Appeal of Louisiana. Orleans.

Nov. 10, 1939.

Writ of Certiorari Denied Nov. 27, 1939.

Melvin P. Barre, of New Orleans, for plaintiff-appellant.

John E. Fleury, of Gretna, for defendant-appellee.

JANVIER, Judge.

Roy Borne, proceeding under the provisions of Section 11 of Act 97 of 1922, as amended, Act No. 110 of 1934, brings this proceeding in an attempt to compel the Parish Democratic Executive Committee for the Parish of St. John the Baptist to recognize him as a candidate for the office of Constable for the First Ward of the said Parish in the party primary to be held on January 16, 1940. He alleges that, though he filed with that body within the time provided, notice of his intention to become a candidate for the said office and though he is a duly qualified elector and has duly registered as a member of the Democratic Party, the said Committee has re-

jected his application and has held him to be devoid of the necessary qualifications in that, although, within the time fixed by the Committee, he filed notice of intention to become a candidate, he did not register as a member of the said Democratic Party until after the expiration of that period within which he was required to qualify.

Respondent Committee filed exceptions of no right of action and of no cause of action, basing these exceptions on the theory that, though Borne alleged himself to be qualified, his petition contained allegations of fact showing that he had not registered until after the expiration of the period referred to.

When the matter came up for trial, there was submitted an agreed statement of fact. There was then judgment for respondent committee sustaining the exceptions and dismissing the suit, and Borne has appealed to this court since it is agreed that the total emoluments involved is less than the sum of $2,000.

It appears from the agreement that the primary election was duly called for January 16, 1940, and that the Committee required that all persons who desired to become candidates should qualify on or before October 14, 1939. It also appears that Borne filed with the Committee on said October 14, 1939, notice of his intention and under oath declared that, to the best of his knowledge and belief, he was a duly qualified elector. It further appears that at that time he had obtained poll registration certificates for the years 1937, 1938 and 1939, but that he had not registered, and therefore had not declared his membership in the Democratic party. It further appears that protest was made on October 17 and that this protest was heard and sustained by the Committee at noon on October 20, although in the meantime—to-wit, at 10:30 a. m. on October 20—Borne had registered and had thus declared himself a member of the said Democratic party.

It is thus admitted that, "except for the lack of registration", he "was at the time of filing his notification * * * a duly qualified elector of the said First Ward of the Parish of St. John the Baptist."

The question, then, is one which can be stated exactly as the issue was stated by the Supreme Court of this State in Smith v. Parish Democratic Executive Committee, 164 La. 981, 115 So. 54, 55, as follows:

"* * * Must a candidate at a primary election be registered as a voter, and must he have declared his affiliation with the party holding the election, at the time he gives notice of his candidacy to the committee, or at any rate, before the expiration of the term allowed by law for giving such notices? Or on the other hand, will it suffice if he registers and declares his party affiliation after that term has expired, but before the Committee has acted on a pending protest against his candidacy?"

That is exactly the question which was considered by the Supreme Court in that case and there that court said:

"The intent of the law, as we understand the language which it uses, is to require that the qualification of a candidate shall be complete at the time he files his application, or, at any rate, before the expiration of the time for filing applications. Accordingly we must hold that the plaintiff not having timely registered and declared his party affiliation was not duly qualified to be a candidate, and that the decision of the committee and of the district court was right."

The court based its decision on its interpretation of the requirements of section 10 of Act 97 of 1922 concerning qualifications of candidates for entry into party elections, which provides that "the qualifications of voters and candidates in primary elections, held under this act, shall be the same as now required by the Constitution and election laws of this state for voters at general elections * * *."

The court, then, stated that the constitutional requirements at that time were that the applicant must be "legally enrolled as a registered voter" and then showed that, to be legally enrolled as a registered voter, he must, under section 13 of the Act, in addition to having other qualifications, have declared that he is a duly qualified elector. This last requirement has undergone a slight change in the amendment of section 13 so that now, because of section 1 of Act 110 of 1934, the person who wishes to become a candidate must declare "under oath that to the best of his knowledge and belief he is a duly qualified elector * *".

Counsel for Borne points to this change as authorizing a different result from that reached in the Smith case. He concedes that in the Smith case it was squarely held that the qualifications of the

candidate must be shown to exist "at the time he files his application, or, at any rate, before the expiration of the time for filing applications", but he maintains that because of the amendment of 1934, all that is now necessary is that the candidate, in good faith, believe himself to be qualified at that time and that, if it is discovered that he lacks some qualification which he may obtain before his candidacy is rejected by the Committee, he may do so and prevent such rejection.

If the lawmakers intended to accomplish that result and if that intention was prompted by the conclusion reached in the Smith case, as counsel argues, then it is strange indeed that they did not adopt a method less susceptible of being misconstrued. Nothing could have been simpler than to have stated that a candidate should be permitted to supplement his qualifications or to supply omissions at any time prior to action by the Committee.

Counsel for the Committee argues that the phrase, "to the best of his knowledge and belief," was inserted merely for the purpose of preventing the prosecution for perjury of some candidate who, in good faith, might make affidavit concerning his qualifications but who, in fact, might be in error. This is, we think, a reasonable explanation of the reason for inserting the provision that, though the candidate must make the declaration under oath, he need only swear to his belief in his qualifications. We find nothing whatever which authorizes the view that this case may be distinguished from the Smith case.

Counsel points to the fact that in that case, because of the absence of one of the justices of the Supreme Court, it was necessary to call in a District Judge since the other six justices were equally divided in their views. However, since the court definitely and clearly decided the legal question, even if we had the temerity to challenge its reason, we could not be heard to question its authority.

Because of the requirement of the primary election law (Act 97 of 1922, as amended) that this decree be rendered within twenty-four hours of the submission of the case, our decree has already been rendered on November 10, 1939.

It is ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.