197 So. 743

**VILLERMIN v. REPUBLICAN EXECUTIVE COMMITTEE FOR THE THIRD CONGRESSIONAL DISTRICT et al.**

**GASSIE v. SAME.**

Nos. 35955, 35956.

Aug. 28, 1940.

Allen J. Lacobie and Welton P. Mouton, both of Lafayette, for Paul Villermin.

Harry J. Labbe, of St. Martinsville, and Welton P. Mouton, of Lafayette, for Donald V. Gassie.

H. M. Wallis, Jr., of Houma, Lawrence Pugh, of Thibodaux, Leonard Greenburg and J. Louis Watkins, both of Houma, P. R. Burke, of New Iberia, Robert D. Lottinger, Elton A. Darsey, Claude B. Duval, and J. A. Marin, all of Houma, and Spencer, Phelps, Dunbar & Marks, Milling, Godchaux, Saal & Milling, and Lawrence K. Benson, all of New Orleans, for defendants.

PONDER, Justice.

These suits were consolidated for the purpose of the trial because they have one and the same object. The object is to annul a ruling of the Republican Executive Committee for the Third Congressional District of Louisiana, rejecting certain protests filed by the plaintiffs against the candidacy of David W. Pipes, Jr., for the nomination by the Republican party for member of Congress, and to annul the action of the committee, declaring Pipes to be the nominee of the party in the general election to be held on the 5th day of November, this year. The cause of the complaint is that Pipes was registered as a Democrat, and changed his party affiliation only three days before filing his application with the Republican Executive Committee to be-

come a candidate in the primary election which the committee had called to be held on the 10th day of September. The plaintiffs contend that one who changes his party affiliation is not eligible to be a candidate in a primary election called by either the political party which he leaves or the one which he joins until the expiration of six months after the change of party affiliation has been entered on the registration roll. In support of their argument the plaintiffs rely upon Section 29 of Act No. 46 of 1940, which is the Primary Election Law, and upon Section 21 of Act No. 122 of 1921, Ex.Sess., which is the Registration Law. The provisions of this section are retained in Section 3 of Act No. 45 of 1940, which is the new Registration Law and which will go into effect at the end of this year. Pipes and the committee, who are the defendants in the suits, contend that the case is governed by Section 27 of Act No. 46 of 1940, in which it is declared that the qualifications of voters and candidates in primary elections shall be the same as are required by the Constitution and the election laws for voters at general elections, and such further qualifications as may be prescribed by the States Central Committee of the political party calling the primary election. And the defendants contend that the section of the Registration Law cited prescribes only the qualifications for voting, and has nothing to do with the qualifications required of a candidate in a primary election.

The case would present an interesting question but for the fact that one of the several preliminary pleas and exceptions which the defendants filed in the dis-

trict court is well founded. We refer to the exception which was taken to the failure of the plaintiffs to serve a copy of their protests upon the chairman of the committee. The protests were not made until late in the evening of the last one of the five days allowed by law for filing such protests; and they were served upon the secretary but not upon the chairman of the committee. The chairman was notified by long-distance telephone, by one of the contestants, that he, the contestant, had left the protests with the secretary of the committee; but no attempt was made to serve the papers on the chairman, who was then at his residence, about thirty-five miles distant from the residence of the secretary, where the papers were served. In Section 28 of Act No. 46 of 1940 it is declared that any objection made to the candidacy of anyone must be made in writing and must be filed with the chairman or the secretary of the committee within five days after the last day allowed by law for the filing of notifications of intention to become a candidate. But, in Section 33, which deals particularly and only with the subject of filing notices, etc., with a party committee, it is declared that whenever in this act provision is made for the filing of any notice, deposit, objection, protest, list of commissioners, or any other paper, with any party committee or party officer, the notice, deposit, objection, protest, list of commissioners or other paper shall be filed with the chairman of the proper committee; and that if the chairman is not available, or absents himself, or cannot be found, or if for any reason he refuses to accept the paper or deposit, the person offering to file the

paper or deposit may file it with the secretary of the committee. The statute therefore leaves no doubt that an objection to the candidacy of a person for a party nomination must be filed with the chairman of the committee that called the election if he is available, and that, in such a case, filing the objection with the secretary of the committee will not suffice. The plaintiffs' right of action to contest the candidacy of the defendant was conferred by the Primary Election Law, and would not have existed if not conferred by the statute; hence a preservation of the right of action depended upon the plaintiffs' complying with the terms and conditions on which it was granted.

In neither of these cases is the plaintiff a candidate for the Republican nomination for Congressman, or a member of the Republican Executive Committee. The plaintiffs are qualified electors in the Third Congressional District. One of them is registered as a Republican and the other as a Democrat. The judge of the district court held that the one who is registered as a Democrat, Donald V. Gassie, had no right of action. Under the former Primary Election Law, Act No. 97 of 1922, Section 11, only a person who had filed his application to become a candidate or a member of the committee calling the primary election had the right to object to the candidacy of any other applicant. In Section 28 of the new Primary Election Law, Act No. 46 of 1940, "any qualified elector" is given the right to make such an objection. The judge held that this phrase, "any qualified elector", meant any qualified elector who is a member of the political party calling the

primary election. Whether this interpretation of the statute is correct or incorrect is a matter of no importance here because the same reason for which we find that Paul Villermin's suit should have been dismissed is applicable also to Gassie's suit.

The judge of the district court withheld his ruling on the several preliminary pleas and exceptions which the defendants filed until he had heard the cases on their merits; then he overruled all of the preliminary pleas and exceptions except the one which challenged Gassie's right of action. In Villermin's suit the judge held that the defendant, Pipes, was an eligible candidate and hence that there was no merit in the plaintiff's demand. The defendants reserved the benefit of their exceptions by way of an answer to the appeal in each case.

For the reasons stated the judgment appealed from in each of these cases is affirmed.