Plaintiff files this suit under the provisions of the Primary Election Law, Act 46 of 1940, seeking to have the St. Helena Parish Democratic Executive Committee recognize and adjudge him to be the Democratic nominee for the Office of School Board Member, from the Fifth Ward of said Parish, and ordering, commanding and compelling the issuance of a mandatory injunction to compel the St. Helena Parish Democratic Executive Committee to certify to the Secretary of State the name of petitioner, James B. Courtney, as the Democratic nominee for School Board Member of the Fifth Ward, Parish of St. Helena, and annulling any other certifications to the contrary.
He alleges in substance that he is the incumbent School Board Member from the Fifth Ward of St. Helena Parish; that Ernest Singleton is not qualified under the laws and statutes of the State to run or be a candidate for the office, in that qualifying on July 22, 1946, before Chas. C. Reeves, Clerk of Court and Ex-officio Notary Public, and Secretary of the Parish Democratic Executive Committee, he swore under oath that he was a duly qualified elector under the Constitution and Laws of the State of Louisiana, in the First Precinct of the Fifth Ward, Parish of St. Helena, whereas in truth and in fact he was under said date a registered voter of Ward Two, Parish of St. Helena, State of Louisiana. Petitioner further shows that the action of defendant Ernest Singleton in misstating his qualification as a voter, elector and candidate constitutes fraud and irregularities practiced both on the defendant Committee and upon petitioner, and upon the electors of the Fifth Ward of the Parish of St. Helena, Louisiana, and that the fraudulent misstatements of the qualification of defendant affected his personal qualification to serve as a candidate and to become a nominee, and are such as to operate as a personal disqualification which can be filed at any time.
Defendant, Ernest Singleton, after filing a plea of estoppel, and exceptions of no right of action and no cause of action, by way of answer, admits that respondent qualified before Charles C. Reeves, Clerk of Court and Ex-officio Notary Public, and Secretary of defendant Committee and signing the necessary papers and affidavit, but he denies generally most of the allegations and conclusions of law set up in plaintiff's petition. Further answering, respondent shows that he is a qualified elector of the Fifth Ward of the Parish of St. Helena, Louisiana, and was at the time of the holding of said primary election; that he received a majority of the votes cast in the Democratic Primary Election held on September 10, 1946, in the said Fifth Ward for member of the St. Helena Parish School Board, and is entitled to be recognized as the Democratic nominee for said office, wherefore, he prays that plaintiff's suit be rejected and dismissed at his costs and that he be recognized as the Democratic nominee for the office of member of the St. Helena Parish School Board for the Fifth Ward, and for general relief.
The Parish Democratic Executive Committee made no appearance in defense of the suit although there appears in the note of evidence a statement from the District Attorney's Office urging an objection to that Committee being impleaded on the ground that it is not a necessary party to such an action as is presented. The other parties apparently were satisfied to let the case be decided without reference to the Committee and in view of the conclusion we have reached we deem it unnecessary to comment any further on that phase of the case.
The trial Judge referred the plea of estoppel and the exceptions of no cause and of no right of action to the merits and evidence relating both to the plea of estoppel and to the merits of the case was taken. After submission, the case was taken under advisement by the Court and later judgment was rendered in favor of the defendant sustaining the plea of estoppel and dismissing plaintiff's suit at his costs. *Page 450 
Plaintiff was granted and has perfected a devolutive appeal to this Court.
Briefly stated, the facts as borne out by the testimony in the record show that the defendant has been almost a lifelong resident of St. Helena Parish and that he lived practically all his life in the Fifth Ward of the Parish. For some reason not shown in the record, in 1941 he registered as a voter in the Second Ward of the Parish. About that time he was employed as a defense worker in a shipyard at Madisonville and later at Harvey, Louisiana. This work lasted about four or five years during all of which time however he maintained his residence in the Fifth Ward of St. Helena Parish. In October 1945 he returned to stay altogether in the Fifth Ward of the Parish and began the construction of his house on a property which he had owned there for nearly twelve years.
Defendant had previously voted in the Fifth Ward of the Parish but when he transferred his registration to the second ward he voted in that ward and after moving back permanently in 1945 never transferred his registration back to the Fifth Ward until after he had filed his notification of candidacy for member of the School Board from that Ward. He testifies that on the day he qualified, July 22, 1946, he went to the office of the Registrar of Voters to have the transfer made but found that the Registrar had already closed the office for the day and had left. He nevertheless filed his notification of candidacy and in executing the affidavit which accompanies the same declared that "to the best of his knowledge and belief" he was a duly qualified elector under the Constitution and Laws of the State of the "First Precinct of the Fifth Ward of St. Helena Parish." His notification of candidacy was accepted by the Committee and no protest or objection was filed by any one. His name was presented on the ballot as a candidate in the Primary Election held on September 10, 1946, and in that election he received 311 votes to his opponent, plaintiff herein, 215, whereupon in due time the Committee declared him to be the nominee of the Democratic Party.
In prescribing the qualifications of voters and candidates in Primary Elections, the State Primary Election Law, Act 46 of 1940, Sec. 27, states that they "shall be the same as now required by the Constitution and election laws of this State, for voters at general elections and the further qualifications prescribed by the State Central Committee of the respective political parties coming under the provisions of this Act."
[1] It is almost too elementary to have to state that under the Constitution of this State an elector, in order to vote in any election, must be legally enrolled as a registered voter. Const. Art. VIII, Sec. 1(b). To vote in a primary election he must be a registered voter "and have such other and additional qualifications as may be prescribed by the party of which candidates for public office are to be nominated." Const. VIII, Sec. 4.
[2, 3] If those requirements apply to voters, a fortiori must they apply to candidates for whom the voters shall cast their votes in either a general or primary election. But to be more specific with regard to a prospective candidate within its party, the Democratic State Central Committee of Louisiana prescribes as one, among other qualifications that he be "a qualified elector under the Constitution and Laws of Louisiana." Therefore, when that Committee assumed the authority, which it had under the Constitution, to apply such a rule of qualification for the candidates of its own party in a primary election called by it, that then became a matter which related to a candidate's right to enter the primary and not to his eligibility to hold the office for which he would become a candidate for the nomination; and any objection to the candidacy of any person arising from the lack of such qualification, so prescribed by the Committee, became a matter which had to be heard and decided by the particular committee before which the candidate had offered before resort could be had to the Court, all as is prescribed by Section 28 of the Primary Election Law, Act 46 of 1940. It is the failure of the contesting candidate or of any one else, in this case, *Page 451 
to have urged such objection before the St. Helena Parish Democratic Executive Committee which forms the basis of defendant's plea of estoppel which was sustained in the trial Court.
In the case of State ex rel. Tanner et al. v. Duncan et al.,10 So.2d 507, this Court ruled that the Democratic State Central Committee, having indirectly prescribed the property assessment qualification as one of its own affecting the right of a candidate entering one of its primary elections as a candidate for nomination to the Office of Parish School Board, became one that related to his right, in declaring his intention to be a candidate, to enter the primary and consequently any objection raised on the ground that he lacked the qualification was one that had to be presented before the Committee which had called the election before the primary and under the procedure outlined in Sec. 28, Act 46 of 1940.
In Migeot v. Barrilleaux, La. App., 166 So. 157, the contest was over the nomination in a primary election of a candidate for the office of Justice of the Peace based on the ground that he did not possess the necessary qualification as a free holder and that he was unable to read and write the English language correctly, all as required by Art. VII, Sec. 47 of the Constitution of this State. In that case it did not appear that the Committee having charge and control over the primary election involved had ever prescribed property or literacy qualifications as some of its own regarding candidates for the office of Justice of the Peace and consequently we held that the lack of either was a matter which may have affected his eligibility to the office he sought but not his right to enter the primary, and therefore it could not be made the issue of a contest before the Committee under Section 28 of Act 46 of 1940. In the Tanner case, the Committee itself undertook to prescribe, even if indirectly, property assessment as one of its qualifications for candidacy for Member of the School Board and that is why it was held that an objection for lack of such qualification had to be made before and passed on by the Committee before an appeal could be made to the Courts.
[4] In the present case the lack of qualification complained of is one that is specifically prescribed by the Committee and so much more is that the reason why objection should have been timely presented to the Committee so that it could be heard and decided in that forum before being presented to the Court.
Counsel for plaintiff has cited as authority on his side, the cases of Smith v. Democratic Executive Committee, 164 La. 981,115 So. 54, and Borne v. Parish Democratic Executive Committee, La. App., 192 So. 124. In both of those cases, however, it appears that objection had been made as provided for under the primary law as it existed at the time and had been acted on by the Committee. True, as urged by counsel, the complaining plaintiff in each case had tried to conform with the rule prescribing registration as a qualification for candidacy by having registered, but as found by the Court he had acted too late and the Committee's ruling in disqualifying him was upheld in each case. The difference in the case now before us is that no objection at all was ever urged before the Committee to the defendant's alleged lack of any qualification. Moreover, in both the cited cases the complaining plaintiffs were not registered at all when they filed their declaration of intention to become candidates and therefore they were not qualified electors in any sense of the word, whereas in this case, the defendant was duly registered and was an elector for the Parish of St. Helena at least, and the only thing he had left undone on the day he filed his declaration, was to notify the Registrar of Voters of his change in voting precinct, and this he had attempted to do and would have done that very day had the Registrar's Office been open when he called there. He actually did effect the change three days later which was within the five days prescribed under Section 28 of Act 46 of 1940 for the filing of objections to his candidacy.
As an alternative, plaintiff urges that his contest can be sustained on the plea of fraud and irregularities which he has made against the defendant in charging him with having misstated his registration in the Fifth Ward of St. Helena Parish when as *Page 452 
a matter of fact he was registered in the Second Ward. He bases his contention on this point on Section 86(b) of Act 46 of 1940. Mere reference to that Section, however, shows that its provisions apply only to the election itself and not to the qualifications of the Candidate.
[5] We are convinced that the trial Judge correctly sustained the plea of estoppel in this case. Not only does the law support the plea, as we have pointed out, but fairness and equity also should prompt judgment in favor of this defendant who won the election over his opponent by a substantial majority of the votes cast. As has been said before, Courts are loathe to thwart the result of an election after the votes have been cast and fairly counted and will not act to change that result except for grave and sufficient reasons, clearly and amply supported by law. No such reasons appear in this case.
Judgment affirmed.