McBRIDE, Judge.
The written reasons of the trial judge so aptly dispose of this cause that we have decided to adopt the following portions of them as our views, viz:
“Petitioner asks judgment to compel defendant to certify her as a candidate in the Republican Party’s primary called for January 26, 1954, for the *172 office of Mayor of the City of New Orleans, as defendant had previously rejected, her application as a candidate on two grounds:
“(1) That she had not changed her party affiliation from Democrat to Republican more than six months next preceding the date of the Republican Primary; and, (2) that she cannot be a good-faith candidate in the Republican Primary since she openly stated she would assist her husband in his candidacy for the Democratic nomination for the same office.
* * * * * *
“It is stipulated that plaintiff changed her party affiliation from Democrat to Republican only in November, 1953, so that six months will not have elapsed before the date the Republican Primary election was originally called, to-wit, January 26, 1954.
“The issue simply is: Can one who cannot vote in a party primary election, nevertheless be a candidate in that primary election?
“[LSA-]R.S. 18:33 provides that one who changes his party affiliation within six months of the primary election to be held by that party, shall not be qualified to vote in that primary election.
“[LSA-]R.S. 18:308 provides that only those who have declared their political affiliation may become candidates or vote in any primary election ■of any political party.
“[LSA-]R.S. 18:306 provides that the qualifications of voters and candidates in party primary elections are the same as required by the constitution and’ laws of this state for voters at general' elections.
“While [LSA-] R.S. 18:33 is under the title, ‘Registration of Voters,’ and [LSA-] R.S. 18:306 and 308 are under the title, ‘Primary Elections,’ both titles are in pari materia, and must be read together. When reading these sections, together the conclusion is inescapable that in order for plaintiff to be a candidate in the Republican Primary election, or to vote therein, she must be registered as a member of that Party for more than six months prior to the date of the primary election. There is no case in Louisiana which has specifically adjudicated this very point. However, in Villermin v. Republican Executive Committee, 195 La. 1022, 197 So. 743, while deciding the case on another ground, our Supreme Court clearly and strongly.indicated that [LSA-] R.S. 18:33 applies with similar effect to the right of candidacy as it does to the right to vote.
“In Courtney v. Singleton, La.App., 27 So.2d 448, 450, the Court of Appeal, First Circuit, observed:
“ ‘If those requirements [the Statutory and Constitutional requirements of voters] apply to voters, a fortiori must they apply to candidates for whom the voters shall cast their votes * * *.’ Brackets mine.
“In the case of Roberts v. Cleveland, Secretary of State, the Supreme Court of New Mexico, considered a case where the plaintiff qualified to .hold office of congressman, and presented his declaration of candidacy, as a candidate of the Republican Party. The Republican Party refused to accept his candidacy on the ground that petitioner was barred by statute, because he had changed his party affiliation within, twelve months preceding the forthcoming primary election. The Court in that case held that while everyone who is qualified has a right to be a candidate for public office, such right does not necessarily include the right to be a. candidate of a particular political party, The Court specifically held that if one i,s not a qualified voter, it is difficult to understand how he could be a qualified candidate. See 48 N.M. 226, 149 P.2d 120, 153 A.L.R. 635, and Murphy v. Graves, 91 Ohio St. 36, 109 N.E. 590.
*173 “Therefore, since the plaintiff was not registered as a Republican for more than six months next preceding the date of the Primary, she is disqualified both to vote and to be a candidate in such Primary.”
We notice that LSA-R.S. 18:309 requires that a candidate declare under oath that he is “a duly qualified elector under the constitution and laws of this state, that he is a member of the party calling the primary, and that he possesses the qualifications required by the state central committee of the party.”
The term “duly qualified elector” employed in the foregoing statutory provision can only be used in its broadest ■sense, meaning a person qualified to vote in the primary at which he seeks the nomination of the political party holding the primary.
In making our research we found the following expression in 29 C.J.S., Elections, § 131, p. 201:
“ * * * a person may be eligible as a member of the party to be a candidate although not entitled as a member of the party to vote at the primary. * * *»
The above observation‘was based on the holding of the Supreme Court of New Jersey, In re Dvorken, 12 N.J.Misc. 438, 172 A. 337, 338. In that case a person seeking the Democratic nomination in a party primary filed a certificate accompanying his petition setting forth his affiliation with said party, but because of his having voted in a Republican primary a year previously he was ineligible to vote in the Democratic primary, by virtue of the provisions of New Jersey law to the effect that one who votes in a primary election of a political party shall be, deemed to be a member of that party until two full years have elapsed after casting s'uch party primary vote. The Court held that under the.laws of New Jersey it could not be inferred that it was the legislative intent that a person to be eligible for candidacy in a particular primary should be eligible. to vote therein. The Court said that:
“ * * * the Legislature ‘in requiring, * * *, the candidate to certify his party membership, intended to apply that test of party allegiance which it had inserted a few lines ear-' lier in the same paragraph, namely, the voting for a majority of the party candidates at the last election for ilic'm-bers of the General Assembly,' and the intention to affiliate with the party at the next ensuing election. By that test Dvorken is a Democrat.”
The laws of 'New Jersey are entirely dissimilar to the laws of Louisiana. It is patent to us that the context and content of the above-mentioned sections of our ■ Revised Statutes clearly intend .that to be eligible to become a candidate at a primary election of any political party,that the one-seeking candidacy should be eligible to vote in that primary. The Supreme Court in Villermin v. Republican Executive Committee, supra, so intimated, and in Courtney v. Singleton, supra, our Brothers of the First Circuit so held.
The trial judge pretermitted tbe other objections to Mrs. Sciambra’s candidacy, and in view of our conclusions, we deem it unnecessary to consider them. ■
Therefore, the judgment appealed from will be áffirmed.
Affirmed.