PER CURIAM.
This is a suit which was instituted by plaintiff, seeking to disqualify the defendant, Dr. D. L. Anderson, as a duly qualified candidate for the office of Coroner of Oua-chita Parish in the Democratic primary election to be held January 17, 1956. The suit originally named the Ouachita Parish Democratic Executive Committee as the sole defendant, but, after filing of an exception of non-joinder, which was sustained, plaintiff complied with an order of court by amending his petition to include Dr. Anderson as a party defendant. From a judgment rejecting plaintiffs demands, he has brought this appeal.
The chronological statement of facts is as follows:
The Ouachita Parish Democratic Executive Committee met on October 5, 1955, and adopted a resolution issuing a call for the holding of a primary election for parish and ward offices to be held on January 17, 1956; under the provisions of the resolution candidates for offices to be filled were required to qualify on or before 12:00 o’clock noon October 17, 1955, and the no *512 tice of the call was published in the Monroe News Star on the afternoon of Thursday, October 6, 1955. Plaintiff, Dr. James T. French, filed his qualifying papers as a candidate for the office of Parish Coroner with the Committee on October 6, 1955, and the defendant, Dr. D. L. Anderson, qualified before the Committee on October 17, 1955. At or about 3:10 p.m. on Thursday, October 20, 1955, plaintiff filed a formal objection and protest to the allowance of the candidacy of the defendant Anderson, which document was addressed to the Honorable Bert W. Sperry as chairman and Thomas M. Hayes, Jr., as secretary of the Ouachita Parish' Democratic Executive Committee. A copy of the protest was delivered to the said named secretary and another copy was delivered to the office of the chairman, but the chairman was neither served in person nor at his domicile, nor is there any allegation nor proof that the chairman was unavailable for service.
On behalf of Dr. Anderson a written motion to dismiss plaintiff’s objection and protest was filed with the Committee on October 22, 1955, which motion was predicated upon the grounds that the protest was not timely made, was not served on the chairman of the Committee and that the service made upon Thomas M. Hayes, Jr., was improper. The motion further affirmatively averred that Dr. Anderson had legally and timely qualified.
On October 26, 1955, following a hearing, the Committee overruled the objection and protest of Dr. French and on the same day he filed this suit against the Committee, praying that it be prohibited from certifying Dr. Anderson as a ■ candidate for the office of Coroner and further praying for judgment annulling and setting aside the action of the Committee in recognizing and accepting the candidacy of Dr. Anderson.
The suit was fixed for hearing on October 31, 1955, at which time the defendant Committee filed a plea of non-joinder, which was sustained, with leave to amend the petition within 24 hours. On the same date of October 31 plaintiff amended his petition by making Dr. D. L. Anderson a party defendant, and the matter was set for hearing on November 7, 1955. Upon hearing, the defendant Committee filed a plea of estoppel and an answer, and the defendant Anderson filed exceptions to the jurisdiction of the court ratione materia and no cause or right of action, pleas of 2-day and 5-day prescription, a plea of estoppel, a motion to dismiss on the grounds that plaintiff’s suit was not legally nor timely filed, and an answer.
Upon the above pleadings and a stipulation of facts, the suit was tried and judgment rendered against plaintiff.
We are quite in accord with our learned brother of the district court in his conclusion that it was only necessary to consider one of the pleadings filed by the defendant Anderson, the determination of which effectively and conclusively disposes of the suit. This pleading, incorporated in defendant’s motion to dismiss, rests upon the contention that plaintiff’s protest to the qualification of the defendant Anderson, dated October 20, 1955, and addressed to the Ouachita Parish Democratic Executive Committee, was never filed in accordance with law.
The Primary Elections Law of the State is found in LSA-R.S. 18:281 et seq. There are two sections of the law which govern the issue hereinabove set forth. Section 307, Paragraph A, reads as follows:
“Any person who has filed his application to become a candidate, a qualified elector, or a member of any committee calling a primary election may object to the candidacy of any other person. The objection shall be in writing and shall contain, in detail, the reasons for the obj ection.
“The objection shall be filed with the chairman or the secretary of the committee within five days after the last day upon-which notification of intention to become a candidate may be filed.” (Emphasis supplied.)
Section 312 more explicitly provides:
*513 “Whenever in this Part provision is made for the filing of any notice, deposit, objection, protest, list of commissioners, or any other paper with any party committee or party officer, it shall he filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found, or for any reason refuses to accept the paper or deposit, it may be filed with the secretary. If the secretary is not available, or refuses to accept the paper or deposit, or cannot be found, it may be deposited in the United States mail, at some point in Louisiana, in an envelope properly registered, stamped, and addressed to the chairman, which deposit in the mail constitutes a proper filing as of that date.
“Failure of the chairman to receive the paper or deposit does not prejudice or deprive a person of any rights given him under this Part if the above conditions are complied with.” (Emphasis supplied.)
In our opinion, even a casual examination of the above quoted provisions is sufficient to determine the point at issue. There is no conflict as between the requirement in Section 307 that protests shall be filed with the chairman or the secretary and the detailed specifications of Section 312, which provide how and under what circumstances a protest may be legally filed with the secretary. In the instant case, in the absence of any showing that the chairman of the Committee was not available it follows that service of the protest upon the secretary was unauthorized.
The exact point has heretofore been considered and disposed by the Supreme Court in Villermin v. Republican Executive Committee for Third Congressional District, 195 La. 1022, 197 So. 743, 744. We quote from the opinion of Mr. Justice Ponder as follows:
“The case would present an interesting question but for the fact that one of the several preliminary pleas and ■ exceptions which the defendants filed in the district court is well founded. We refer to the exception which was taken to the failure of the plaintiffs to serve a copy of their protests upon the chairman of the committee. The protests were not made until late in the evening of the last one of the five days allowed by law for filing such protests ; and they were served upon the secretary but not upon the chairman of the committee. The chairman was notified by long-distance telephone, by one of the contestants, that he, the contestant, had left the protests with the secretary of the committee; but no attempt was made to serve the papers on the chairman, who was then at his residence, about thirty-five miles distant from the residence of the secretary, where the papers were served. In Section 28 of Act No. 46 of 1940 it is declared that any objection made to the candidacy of anyone must be made in writing and must be filed with the chairman or the secretary of the committee within five days after the last day allowed by law for the filing of notifications of intention to become a candidate. But, in Section 33, which deals particularly and only with the subject of filing notices, etc., with a party committee, it is declared that whenever in this act provision is made for the filing of any notice, deposit, objection, protest, list of commissioners, or any other paper, with any party committee or party, officer, the notice, deposit, objection, protest, list of commissioners or other paper shall be filed with the chairman of the proper committee; and that if the chairman is not available, or absents himself, or cannot be found, or if for any reason he refuses to accept the paper or deposit, the person offering to file the paper or deposit may file it with the secretary of the committee. The statute therefore leaves no dotibt that an objection to the candidacy of a person for a party nomination must be filed with the chairman of the committee that called the election if he is available, and that, in such a case, filing the objection with the secretary *514 of the committee will not suffice. The plaintiffs’ right of action to contest the candidacy of the defendant, was conferred by the Primary Election Law, and would not have existed if not conferred by the statute; hence a preservation of the right of action depended upon the plaintiffs’ complying with the terms and conditions on which it was granted.” (Emphasis supplied.)
■ We point out the fact that the respective sources of Sections 307 and 312 of Title 18 of the LSA-Revised Statutes are found in Sections 28 and 33 of Act 46 of 1940, to which sections the court referred in the opinion above quoted.
Inasmuch as this holding is clearly' determinative of this suit and effectively substantiates the contention that plaintiff’s protest was not filed in accordance with law, we perceive no merit in giving consideration to the other and numerous pleadings involved, which could add nothing to the finality of our conclusion.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.