_J_iMURRAY, J.
Plaintiff, the Reverend Deninah Webb-Goodwin, appeals the trial court’s dismissal on procedural grounds of her petition contesting the validity of the results of the September 18, 2004, election for the Orleans Parish School Board. For the reasons that follow, we affirm.
Reverend Goodwin was one of six candidates on the ballot seeking election to the School Board from District 2. She failed in her bid to be elected, receiving 523 of 11,298 votes cast, or about five percent of the total. The instant action by Reverend Goodwin challenges the results of that election based upon an allegation of “lack of machine readiness” and other alleged irregularities. By judgment dated September 29, 2004, the district court dismissed the plaintiffs petition with prejudice, finding that she had failed to comply with the requirements of the Louisiana Election Code, specifically La. R.S. 18:1405(B) and 18:1406(C).
La. R.S. 18:1405(B) states, in pertinent part: “An action contesting any election involving election to office shall be instituted on or before the ninth day after the date of the election....” The record reflects that on September 23, plaintiff faxed her petition to the clerk of the district court. La. R.S. 13:850, which |2provides for the filing of documents by facsimile transmission, states, in pertinent part:
B. Within five days, exclusive of legal holidays, after the clerk of court has received the [facsimile] transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
*536 (2) The applicable filing fee, if any.
(3) A transmission fee of five dollars. C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.
The following facts are not in dispute. The record reflects that the plaintiffs facsimile transmission of her petition was received in the clerk’s office on Thursday, September 23. The plaintiff states that she appeared at the clerk of court’s office on September 24, submitted her original petition, and attempted to file the forms necessary to proceed in forma pauperis pursuant to La. C.C.P. article 5181, which allows an indigent party to proceed without paying the applicable filing fee. Because the forms were not complete at that time, the plaintiff returned on Monday, September 27 and submitted the completed informa pauperis forms. On Tuesday, September 28, the district court denied the plaintiff informa pauperis status, presumably after finding she did not meet the specific statutory criteria for indigence. Also on September 28, the trial court conducted a hearing on the plaintiffs petition at which the plaintiff appeared pro se and an attorney appeared on behalf of the State of Louisiana. The record indicates that, also on September 28, the plaintiff paid the $307.00 filing fee applicable to this case. On September 29, the trial court dismissed the plaintiffs petition.
On appeal, the plaintiff argues that her petition was wrongfully dismissed because she attempted, to the best of her ability, to comply with the procedural requirements of the law. The two defendants, the clerk of criminal court in [ 3Orleans Parish (who has the responsibility of conducting elections) and the State of Louisiana, argue that the trial court correctly dismissed the petition because it was not timely filed. The crux of their argument is that because La. R.S. 18:1405(B) sets forth a peremp-tive period, rather than a prescriptive period, the plaintiffs failure to complete the filing of her petition, including the payment of fees, by September 27, which was the ninth day after the election, extinguished her cause of action.[1]
We do not agree with defendants’ argument in this respect. Under the facsimile filing statute, La. R.S. 13:850, if the plaintiff complies with all the requirements listed therein by the fifth day, exclusive of holidays, from the date the fax is received, the petition is considered to have been filed on the date the clerk’s office received the fax. The very purpose of this statute is to permit litigants to meet applicable time limits by facsimile filing on the pertinent date, as long as the other conditions of the statute are met. The defendants’ argument that the more specific Election Code provision, La. R.S. 18:1405, “trumps” the facsimile filing statute is misplaced. In our view, the two statutes relate to completely separate issues. The Election Code provision sets forth the time period within which a suit must be filed, whereas the facsimile filing statute describes what constitutes “filing” in a case where facsimile transmission is utilized. Therefore, the relevant question in this case is whether Reverend Goodwin complied with the terms of the facsimile filing statute; if she did, then her petition is considered as having been | ¿filed on September 23, which *537 was clearly within the nine days allowed by La. R.S. 18:1405(B).
As stated previously, the record shows that after her in forma pawperis petition was denied, the plaintiff paid the $307.00 filing fee on September 28. According to La. R.S. 13:850, she had until September 30 (the fifth business day after the date of the fax) to pay the filing fee and also “a transmission fee of five dollars.” We are unable to determine from the record whether plaintiff in fact paid the five dollar transmission fee or when she paid it. However, assuming it was paid by September 30, we would find that the plaintiffs suit was filed timely.
Therefore, we turn to the second basis cited by the trial court as a ground for dismissing plaintiffs action, that the plaintiff failed to comply with La. R.S. 18:1406(C). That portion of the statute provides, in pertinent part: “The defendant shall be served with citation directing him to appear in court no later than 10:00 a.m. on the fourth day after suit was filed....”
Although counsel for the State of Louisiana appeared at the September 28 hearing, the record contains no evidence that service was made on either defendant. Moreover, the prayer of the petition contains no request for service. Neither Reverend Goodwin nor counsel for either of the two defendants has argued that service was attempted or perfected. The failure to properly serve the defendant has been held to be sufficient grounds for dismissal of a petition under La. R.S. 18:1406. Villermin v. Republican Executive Committee for Third Congressional District, 195 La. 1022, 197 So. 743 (1940). Furthermore, while a defendant may waive service by making a general appearance,[2] in the instant case, only one of the defendants appeared. Therefore, we agree with the trial court that | sthe plaintiff failed to comply with the requirements of La. R.S. 18:1406(C). On that basis, the trial court correctly dismissed the action.
Accordingly, we affirm the trial court’s judgment dismissing the plaintiffs suit with prejudice.
AFFIRMED.

. In Town of Church Point v. Acadia Parish Police Jury, 2003-890 (La.App. 3 Cir. 7/14/03), 849 So.2d 87, the court held that La. R.S. 18:1405(G) sets forth a peremptive period, or time limit, within which to file suit. Quoting an earlier Supreme Court decision, Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900) at 901, the court noted: "Statutes of prescription simply bar the remedy. Statutes of preemption destroy the cause of action itself.” 849 So.2d at 89.

. See Brunet v. Evangeline Parish Board of Supervisors of Elections, 376 So.2d 633 (La. App. 3 Cir.1979).