judgment of this court; defendant to pay all costs.

ROGERS, J., recused.

O'NIELL, C. J., dissents from the ruling that testimony was not admissible to prove a consideration different from that stated in the deed.

---

(97 South. 657)

No. 26309.

## STATE ex rel. CARBAJAL v. LOONEY.

(Oct. 16, 1923.)

*(Syllabus by Editorial Staff.)*

Elections ⟲126(1)—State tax collector for city not a "state official," within primary election law.

The state tax collector for the city of New Orleans is not a "state official," within Act No. 97 of 1922, § 3, relating to primary elections, in view of the history of legislation, and notwithstanding Const. 1921, art. 14, § 20, fixing the dates for election of tax assessors in the parish of Orleans, and Act No. 97 of 1922, § 6, enumerating officials, whose elections are confined to districts, and hence mandamus will not lie to compel printing of name of candidate for such office on official ballot.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Mandamus by the State; on the relation of Nicholas G. Carbajal, against Frank J. Looney, Chairman of the Democratic State Central Committee. Judgment for defendant, and relator appeals. Affirmed.

Edward Rightor, John C. Davey, and George Montgomery, all of New Orleans, for appellant.

Frank J. Looney, of Shreveport, and Rene A. Viosca, of New Orleans, for appellee.

By the WHOLE COURT.

O'NIELL, C. J. This is a mandamus proceeding, in which the relator, who is a candidate for the office of state tax collector for the city of New Orleans, is seeking to compel the chairman of the Democratic state central committee to receive relator's application to have his name printed on the official ballot for the Democratic primary election to be held on the 15th of January, 1924. The purpose of the primary election is to nominate party candidates "for Governor and all other state officials," according to section 3 of Act 97 of 1922. The ground on which the chairman of the state central committee declines to receive relator's application is that the office for which he desires to qualify as a candidate is not that of a "state official," within the meaning of the statute quoted. The civil district court so held, and the relator has appealed.

His learned counsel argue, and cite authority for the proposition, that the state tax collector for the city of New Orleans is not a municipal or parochial officer, but a state official, because his functions concern the state at large. The learned counsel for the appellee argue that the office in question is a parochial office, because the official is elected only by the electors of the parish of Orleans, and because he exercises his functions only in the parish.

As an abstract proposition, perhaps as good reason could be given for declaring this office a state office as for declaring it a parochial office. But the question is not propounded now—and we doubt that it ever has been or shall be propounded—as an abstract proposition. It depends upon the sense in which the Legislature has used the term "state official," as distinguished from a "parochial officer." In some respects, and with regard to some statutes, the state tax collector for the city of New Orleans, by reason of his services being rendered for the whole state, might well be regarded as a state official, notwithstanding his election and his functions are confined to the parish of Orleans, which, of course, is coextensive with the city of New Orleans. But we are

not called upon to define the term "state official," as distinguished from "parochial officer," except in the sense in which the terms are employed in this primary election law, the Act 97 of 1922. In that sense we concur in the ruling of the judge of the civil district court.

Previous to 1907, there were seven state tax collectors for the city of New Orleans, as there were, and are yet, seven assessors constituting the board of assessors for the parish of Orleans. By an amendment of article 309 of the Constitution of 1898, in 1906 (pursuant to Act No. 8 of that year), the officers of tax assessors for the parish of Orleans and of state tax collectors for the city of New Orleans, which offices were theretofore filled by appointment by the Governor, were made elective. By a subsequent amendment, pursuant to Act 25 of the Extra Session of 1907, the offices of the seven tax collectors were reduced to the one office of state tax collector for the city of New Orleans, and the office was required to be filled by election, commencing with the general state election in April, 1908. There was no change made with regard to the board of assessors, composed of seven members.

In the Constitution of 1913, a change was made in article 309 of the Constitution of 1898 (as it had been amended), by requiring the seven tax assessors in New Orleans to be elected "at the same time as the parochial officers of the city of New Orleans and the parish of Orleans are elected." This change in article 309 of the Constitution was not effective, because it went beyond the restrictions imposed by the statute calling the convention of 1913. Therefore the election for assessors, as well as for state tax collector for the city of New Orleans, continued to be held at the time of the general state election quadrennially.

The fact that the framers of article 309 of the Constitution of 1913, in attempting to change the date of election of the tax assessors, omitted to change the date of election of the state tax collector for the city of New Orleans, is referred to by the learned counsel for appellant as evidence that the office of state tax collector for the city of New Orleans was regarded and treated as a state office, when the office of tax assessor was recognized to be only a parochial office. In the Constitution of 1921, in section 20 of article 14, it is again required that the tax assessors for the parish of Orleans "shall be elected at the same time as the municipal officers of the city of New Orleans"; whereas, section 21, making provision for the state tax collector for the city of New Orleans, declares merely that he "shall be elected for the term of four years," without saying when he shall be elected.

Our opinion, however, is that the omission to fix the date of election of the state tax collector for the city of New Orleans, in changing the date of election of the tax assessors, in the constitutional convention of 1913 (repeated in the convention of 1921), was not intended to make the office of state tax collector for the city of New Orleans a state office, while recognizing the assessors to be parochial officers.

By section 10 of article 8 of the Constitution of 1921, parochial elections—meaning elections of parochial officers—in all parishes except the parish of Orleans are required to be held on the day of the general state election, and in the city of New Orleans "the first parochial and municipal election for all officers" is to be held on the Tuesday next following the first Monday in April, 1925, and the successors of the officers then elected are to be elected on the Tuesday next following the first Monday in April, 1930, and thereafter the municipal and parochial officers in New Orleans are to be elected quadrennially, on the Tuesday next following the first Monday in April. The

terms of office, therefore, of all municipal and parochial officers in New Orleans, have been extended to April, 1925; and we have no doubt that the intention was to include the tax collector for the city of New Orleans as one of the parochial officers. If it were not so, he would be the only public official whose election and functions are confined to the city of New Orleans to be elected at the time of the general state election in 1924 and quadrennially thereafter.

It is true, in section 6 of Act 97 of 1922, after an enumeration of certain officials whose elections, respectively, are confined to districts, appears the expression "or any officer of state character whose election may be provided by law." But there is nothing in the context to indicate that an officer whose election and functions are confined to a single parish may, if his services are given to the whole state, be regarded as an "officer of state character," with regard to the party committee having charge of his election. On the contrary, section 7 of the statute puts the nomination of each so-called "officer of state character," referred to in section 6, under the jurisdiction of the executive committee of the district from which he is to be elected.

The judgment appealed from is affirmed.

DAWKINS, J., concurs in the decree.