OVERTON, J.
 

 The Democratic state central committee convened pursuant to the provisions of Act 97 of 1922, on October 4, 1927, and on that date, by resolution, ordered a primary election for the Democratic party to be held in this state on January 17,1928, and, in the resolution calling the primary, fixed October 25,1927, as the last day for the filing of notices of intention to become candidates for nomination to the various state offices for which candidates are to be nominated.
 

 On October 14, 1927, James J. Bailey, one of the defendants herein, filed his notice of intention to become a candidate for the nomination of the Democratic party for the office of secretary of state, and the relator herein, James E. Dunshie, filed a similar notice on October 25, 1927.
 

 On October 26, 1927, Bailey filed with the chairman of the Democratic state central committee an objection to the recognition of the candidacy of relator on the ground that relator had not filed the notification of his candidacy within the delay prescribed by law, his contention being that, under section 13 of the Primary Election Law (Act 97 of 1922), relator should have filed his notification within 20 days after the issuance of the call for the primary election, notwithstanding any action the Democratic state central committee might have taken to the contrary.
 

 On October 27, 1927, relator being absent from the state temporarily, and no one being present at his home, Bailey served a copy of his objection upon him by registered mail and special delivery, but relator did not receive the copy .until about October 29,1927.
 

 On. October 31, 1927, the Democratic state central committee met ,for the purpose of con
 
 *957
 
 sidering Bailey’s objection to the recognition of relator’s candidacy. Relator appeared and excepted,' first, to the jurisdiction of the committee to pass upon the objection to his candidacy, and then, in the same pleading; to the legality of the service made, or attempted to be made, upon him, of the objection thereto, and when these exceptions were voted down, filed his answer.
 

 The committee, after hearing Bailey’s objection .to relator’s candidacy, sustained it, and Bailey being then' the only candidate whose notification remained before the committee, and the time for filing notifications having elapsed, he was declared the nominee of the Democratic party for the office of secretary of state.
 

 After the foregoing proceedings were had, relator brought the present suit against the chairman of the Democratic state central committee, the members of said committee, the executive committee of the Democratic state central committee, and the secretary of state, to require the chairman of the Democratic state’1 central 'committee to certify to the secretary of state the máme of relator as a candidate for the Democratic nomination for the office of secretary of state, to prohibit the state central committee from certifying Bailey as the nominee of the Democratic party for said office, to require the secretary of state to cause to be printed on the official ballots the name of relator as a candidate seeking the nomination, and restraining the secretary of state from causing the ballots to be printed otherwise.
 

 In his petition, relator complains of the overruling of his exceptions to the jurisdiction of the committee and of his exception to the service made upon him; or attempted to be made upon him, as well as the refusal of the committee, to certify him as a candidate.
 

 As relates to the exception- to the jurisdiction of the committee, it should.be observed that section 13 of the Primary Election Law (Act 97 of 1922) fixes a time within which notice of intention to become' a candidate shall be filed, and since the statute fixes such a time it would seem that some duly constituted body should have power to determine whether the notice was filed in time. The appropriate body to determine this is' the committee calling the election, its ruling being subject to review by the courts, when the ruling is to the effect that the notice was not timely filed, as provided in other instances, in section 11 of the act.
 

 As relates to the exception with reference to the service, relator having appeared not only for the purpose of excepting to it, but also, in the same pleading, for the purpose of excepting to the jurisdiction of the committee, we think that he thereby waived any defect there might have been in the service. Moreover, since defendant was actually heard by the committee and has since had full opportunity to present the entire case to the courts de novo, he has suffered no injury because of defectiveness in the service, if any existed. See Zerlin v. Louisiana Real Estate Board, 158 La. 111, 103 So. 528.
 

 The important question to be decided is whether .relator’s notice of intention was filed in time. If the period for filing the notice, fixed in the resolution, is to control, the notice was timely filed. On the other hand, if the time for filing it, as prescribed by statute, is to control, the notice was not timely filed, but was filed a day too late. The statute referred to is Act 97 of 1922, as amended by Act 215 of 1924. Section 13 of the act of 1922 reads as follows:
 

 • “That any person desiring to become a candidate in any primary, election held under the provisions of this act shall, within twenty days for state and district officers, and within ten days for . parochial, • municipal and ward .officers, etc., from and after the issuance of the call of the said committee for the said primary election, -file with the respective officers hereinafter designated, his written notification;.of
 
 *959
 
 Ms intention to become a candidate at such primary, accompanied by a declaration that be is a duly qualified elector under the Constitution and laws of this state, and that he is a member of the party calling said primary election, and that he possesses such qualifications as are required by the state central committee of such party.”
 

 Section 30, as amended by section 2 of Act 215 of 1924, reads, in part, as follows:
 

 “That in the event that after the date has passed on which candidates are allowed to enter and file their notification in any primary under this act, it shall be found * * * that there be but one candidate for any particular office for which the primary has “been called, the respective committee ordering said primary, shall then be immediately convened, and the person so entering and being thus unopposed shall be declared to be the nominee of the party that has ordered said primary for the particular office, for which he has offered, without the necessity of holding a primary election for said office. * * *
 

 “That in the event that after the date has passed on which candidates are allowed to enter and file their notification in any primary, under this act, one or more of the rival candidates for any particular office shall die, new candidates for that office shall be permitted to enter and file their notification for a period of five days after such death; provided, that this provision shall riot be effective when the death occurs within seven days of the day fixed for the primary election.”
 

 Erom foregoing provisions it appears that the Legislature has fixed clearly and precisely the time within which notice of intention to become candidates shall be filed, and has said, as is the case here, that where the candidacy is for a state office the notice shall be filed within 20 days from and after the issuance of the call for the primary. The statute, in so far as it fixes the time in which notifications shall be filed, is mandatory. Its provisions, in this respect, are not to be departed from by those acting under it. The Legislature has clearly shown by these provisions that it did not intend that notices of intention to become candidates could be filed after the period fixed by it had elapsed. It has shown this by using the word “shall” in fixing the time for filing the notices, which indicates that the time fixed by it is to be adhered to by the person desiring to become a candidate. It has also shown this intention by requiring in section 30 of the act that the committee meet, should it be found that there is hut one candidate for.the nomination, “after the date has passed (meaning the date fixed in the act) on which candidates
 
 are allowed
 
 (italics ours) to enter and file their notification,” and declare such candidate the nominee. It has also shown this intention, in the same section, by providing under what circumstances an additional period will be allowed for the filing of notifications. These provisions indicate that the Legislature considered that the time fixed by it is sacramental, and that no notification should be filed’ and recognized after that time. In fact, it is usually held that a time limit for filing notifications under an election law is mandatory. Seawell v. Gifford, 22 Idaho, 295, 125 P. 182, Ann. Cas. 1914A, page 1132, and notes.
 

 However, the committee by issuing the call for the primary on- October 4th, and stating that all notifications must be filed on or before October 25th, allowed, thougli doubtless inadvertently, 1 day additional for the filing of notifications, and since relator filed his notification on October 25th, the question is whether the time stated by the committee in its call should control that fixed by the statute. Our conclusion is that it should not. Nowhere in the statute, or elsewhere in the law, is the committee given discretion to fix the period for) filing notifications — to shorten or lengthen it — nor is the committee even required, in issuing its call, to give notice when the period for filing notifications begins or when it terminates. The statute itself has done that. The statute having done so, every one who intended to become a candidate was charged with knowledge of the statute and the period fixed by it, under the fam
 
 *961
 
 iliar principal that every one is presumed to know the law. And, such being our conclusions, not only was the committee without power to alter the period, but relator was not even excusable, from a legal standpoiht, in following the resolution, in so far as it undertook to state the termination of the period for filing notifications.
 

 While, as held in Langridge v. Dauenhauer, 120 La. 450, 45 So. 387, laws providing for primary elections-should be so construed as to encourage the multiplication of worthy candidates, yet this principle.was never intended to be, and cannot be, carried to the extent of permitting the committee of a political party, by resolution, or otherwise, to abrogate a provision of a statute, and such would be the effect, if we permitted the resolution to control here. And for the same reason that we cannot permit the resolution to control here, we are unable to hold that the committee should have ruled- that relator should be recognized as a candidatei in the primary, because at the same meeting that relator’s notification was rejected, other notifications, filed on the same date as was relator’s, were recognized. To do so would be to require the committee to do an unlawful act.
 

 Since relator did not file his notification within the 20-day period provided by statute, the trial court correctly rejected his demand. It may be here said that immediately after this case was decided in consultation, we handed down our decree. The decree is repeated here.
 

 The judgment appealed from is affirmed.