FOURNET, Justice.
 

 Henry G. McCall, following the promulgation by the Secretary of State of the results of the democratic primary election held on August 31, 1948, for the purpose of nominating a candidate for the office of Judge of the Court of Appeal for the Parish of Orleans, revealing that his opponent, the incumbent judge, Godfrey Z. Regan, received the greatest number of votes in the said primary election, which results had been certified to the chairman of the Orleans Parish Court of Appeal District Democratic Executive Committee, filed a suit in the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge contesting this election. He joined as parties defendant, in addition to the contestee, the Secretary of State and the Committee. He is now appealing from the judgment rendered by that court maintaining the contestee’s plea to the jurisdiction of the court ratione personae.
 

 The Legislature of Louisiana, pursuant to the constitutional mandate that it provide by law for the trial and determination of contested elections of all public officers by courts of law (Section 12 of Article VIII), in adopting its Act No. 46 of 1940 (under which act the contested election was held) vested the courts of this state with the power and jurisdiction to hear and determine all election contests held under the act and made provisions regulating the manner, time, conditions, and limitations relating to such contests. The pertinent part of the act declares that any candidate for nomination for any office desiring to contest an election “shall present a petition to the Judge of the District Court of the Parish in which the capítol of the State is situated, if the office be that of Governor, Lieutenant Governor, Attorney General, Secretary of State, State Treasurer, Auditor of Public Accounts, Superintendent of Public Education, or other State officer or United States Senator.
 
 If the office be a
 
 * * *
 
 district office, then the petition shall be presented to the District Court of the parish in which the contestee resides.
 
 * * Section 86 (Italics ours.)
 

 It is the contention of the appellant that •the office of judge of the Court of Appeal for the Parish of Orleans is a state office within the meaning and contempla
 
 *257
 
 tion of the above quoted provision; consequently, that the district court of the parish in which the state capítol is situated— the Nineteenth Judicial District Court for the Parish of East Baton Rouge — has jurisdiction to try the case, whereas the contestee contends that the office is a district office under the plain provision of the act and that the suit must, therefore, be instituted against him in the district court of the parish of his domicile — Orleans Parish —and that if the act is given the construction contended for by the appellant it will render the same unconstitutional.
 

 While there are certain provisions of the act of 1940 pertaining to matters other than the contest of elections held thereunder that might be confusing or misleading as to just what is a state and a district office, we think that when the act is read as a whole, and particularly those provisions that are pertinent here, it unmistakably shows that the office of judge of the Court of Appeal for the Parish of Orleans is a district office, as distinguished from a state pffice within the meaning of the act.
 

 The primary object of Act No. 46 of 1940' is stated in its title to be “To provide for calling, holding, conducting and regulating primary elections by political parties and to define the term political party.” These political parties, under the provisions to be found in Section 5 are controlled and directed by committees therein created. Among the committees created is a State Central Committee and “A Court of Appeal District Committee for each of the court of appeal districts in the State.” A mandatory duty of the former committee is that it meet at a designated time and issue a call for a primary election to nominate candidates for the various political parties
 
 “for governor or other State officers.”
 
 Section 20. The next section (21) makes it the duty of the respective district and parochial committees to meet within 20 days thereafter “and order that all nominations for district, parochial and ward officers * * * be made by * * * primary election to be held on the same date and at the same places at which candidates for State officers are voted for.” It was under the latter section that the election in controversy here was called and conducted.
 

 Moreover, it is our opinion that to construe the act in the manner contended for by the appellant would be in direct violation of the provision of Section 12 of Article VIII of the - Constitution of 1921 stipulating that the trial and determination of contested elections of all public officers (except governor and lieutenant governor) “shall be by the courts of law, and at the domicile of the party defendant.”
 

 The argument submitted by counsel that this section is not controlling here for the reason that it governs general elections only, the provisions governing primary elections being Section 4 of that same article, is not impressive in view of the plain, unambiguous, and unrestricted language of Section 12. The two sections are
 
 *259
 
 to be found under that part of the constitution dealing with the general heading “Suffrage And Elections” and they do not conflict one with the other nor are they contradictory. See Perez v. Cognevich, 156 La. 331, 100 So. 444.
 

 The case of State ex rel. Graham et al. v. Republican State Central Committee, 193 La. 863, 192 So. 374, relied on by the appellant, is neither apposite nor controlling here as that case did not involve an
 
 election contest
 
 but, rather, was a suit to compel the State Central Committee to place the names of the plaintiffs on the ballot.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent.