McBRIDE, Judge.
The Democratic Executive Committee of the Parish of St. John the Baptist convened on May 20, 1954, and by resolution called a Primary Election at which to select a Democratic nominee for the office of School Board Member, Wards 3 and 4, for the ensuing term. .The resolution fixed Tuesday, July 27, 1954, as the date for the holding of the Primary; the resolution also provided that any one desiring to participate in the Primary as a candidate shall file with the Chairman of the Committee on or before 5 o’clock p. m., Central Standard Time, of May 30, 1954, his notification of candidacy in the form prescribed by law.
On May 30, 1954, at 8 o’clock p. m., relator, Lawrence S. Madere, Jr., filed with the Chairman of the Committee his notice of intention to become a candidate for the nomination of the Democratic Party for said office. The Committee ultimately rejected relator’s notification and refused his certification as a candidate, assigning as its reason for these actions the fact that relator’s notice of intention had been filed too late.
Madere now seeks by mandamus to compel the Democratic Executive Committee of the Parish of St. John and its individual members to certify him as a candidate for member of the School Board from Ward 4. The suit was dismissed on an exception of no cause or right of action and Madere has appealed from the judgment.
Madere advances the argument that whereas May 30, 1954, fell on a Sunday, he had until 5 o’clock p. m. of the following day, Monday, May 31, 1954, to file his notification of candidacy and, therefore, his filing of the notification on May 30, 1954, at 8 o’clock p. m., was timely.
In support of his position, relator cites numerous cases, none of which, we believe, have any application here. In most of them the holding was that where the last day of a term fell on a Sunday or holiday, the party who was under the duty of acting would have the whole of the next day to do what should have been done. Most of the cases involve judicial proceedings, one a notice to terminate a lease, another the filing of a materialman’s lien, and still another involved notice of dishonor to the endorsers on a promissory note.
Counsel chiefly relies on Mansur v. Abraham, 183 La. 633, 164 So. 421. All that the Court held there was that when the last day of the term allowed by law for taking any stated action in a judicial proceeding falls on a Sunday or other legal holiday, the action may be taken on the next day following as effectively as if taken on the day before.
The theory underlying most of the cited cases is that where the last day of the term happened to be not a judicial day, itjwould have been impossible for the proceedings to have been taken as all judicial proceedings are forbidden on such a day, and a litigant is not to be compelled to do something which it was legally impossible for him to do.
While Maggiore v. Lochbaum, 13 Orleans App. 439, decided by this court, involved a contest of a Primary Election, and State ex rel. Graham v. Republican State Central Committee of Louisiana, 193 La. 863, 192 So. 374, later decided by the Supreme Court, involved a mandamus proceeding to compel the certification of a candidate, all that the courts held was that a suit was not barred by prescription where one of the two days allowed for bringing the suit was a legal holiday, this *213 on the theory that the person seeking to exercise such rights should be entitled to the whole and not merely to one-half of the allotted time of two days.
The decision of the instant case must depend upon a construction of LSA-R.S. 18:309, the pertinent part of which reads:
“Any person desiring to become a candidate in any primary held under the provisions of this Part shall, except as otherwise provided herein, not later than 5 P.M. central standard time on the tenth day after the issuance of the ■call of the committee for the primary, file with the respective officers hereinafter designated in this Part written notification of his intention to become a candidate at the primary, * * *.”
As has been said, the respondent Committee held its meeting on May 20 and in the resolution calling the Primary provided that notices of intentions to become candidates shall be filed not later than S o’clock p.m., Central Standard Time, on May 30, 1954, which was the tenth day after the issuance of the call for the Primary. In other words, the respondent Committee in phrasing its resolution adhered strictly to the above-quoted statutory provisions.
Provisions analogous to those contained in LSA-R.S. 18:309 have, without exception, been held to be sui generis and mandatory insofar as the time for filing notices of intentions to become candidates, making deposits, etc., are concerned.
The leading case on the subject is State ex rel. Dunshie v. Fields, 164 La. 954, 115 So. 45, 47, in which the Court was concerned with the provisions of Act No. 97 of 1922. The Democratic State Central Committee in issuing its call for the Primary Election, allowed one more day additional for filing notices of intentions to become candidates than allowed by the Act above mentioned. The Court held that the fixing of the date by the Committee did not control over the time fixed in the statute, since the Committee was not given discretion to fix the period for filing notifications. In commenting upon that portion of the said Act which had reference to the filing of notifications, the Court forcibly said:
“From foregoing provisions it appears that the Legislature has fixed clearly and precisely the time within which notice of intention to become candidates shall be filed, and has said, as is the case here, that where the candidacy is for a state office the notice shall be filed within 20 days from and after the issuance of the call for the primary. The statute, in so far as it fixes the time in which notifications shall be filed, is mandatory. Its provisions, in this respect, are not to be departed from by those acting under it. The Legislature has clearly shown by these provisions that it did not intend that notices of intention to become candidates could be filed after the period fixed by it had elapsed. It has shown this by using' the word ‘shall’ in fixing the time for filing the notices, which indicates that the time fixed by it is to be adhered to by the person desiring to become a candidate. * * * These provisions indicate that the Legislature considered that the time fixed by it is sacramental, and that no notification should be filed and recognized after that time. In fact, it is usually held that a time limit for filing notifications under an election law is mandatory. Seawell v. Gifford, 22 Idaho 295, 125 P. 182, Ann.Cas.1914A, page 1132, and notes.”
In State ex rel. Denny v. Members of Caddo Parish Democratic Executive Committee, 201 La. 483, 9 So.2d 657, 661, the Supreme Court held that the relator’s right
“ * * * to become a candidate was created by that law and could be exercised only upon the terms and conditions prescribed by the law.”
In Brown v. Democratic Parish Committee of St. Bernard Parish, 183 La. 967, 165 So. 167, 169, it was said:
“This court has repeatedly placed a liberal construction upon the language *214 of the Primary Election Law in favor of those offering themselves as candidates for public office, but it has consistently and uniformly enforced the prescriptive periods of the statute. To extend these provisions in order to allow a greater time than expressly set forth in the statute is equivalent to legislating by the court. This is the province of the Legislature and not the judiciary. * * * ”
Nevill v. Parish Democratic Executive Committee for the Parish of Orleans, 7 La.App. 286, was a case in which the Committee had erroneously designated the last date for the qualification of candidates, and our predecessors held that the statute and not the resolution of the Committee would be controlling. We said:
“ * * * It was clearly intended that once the meeting was held candidates could rely upon the ten or twenty days fixed by the law to begin to run from that time.”
We fail to find in the prevailing Election Law any provision to the effect that where the last day of the term in which candidates may qualify falls on a Sunday or other holiday, those intending to become candidates may file the notifications on the next succeeding day. We notice, however, that in LSA-R.S. 18:364, which deals with contested elections, the contestee is required to file his answer not later than 10 o’clock a.m., on the fifth day after service, including Sundays and legal holidays, and if the fifth day is a Sunday or other legal holiday, then on the next succeeding day. It occurs to us that if it was the intention of the Legislature to grant those intending to become candidates an additional day to file their notifications if the terminal date of the term was a Sunday, it would also have said so.
We have also examined LSA-R.S. 1:55, which designates holidays, half holidays, and days of rest, and find that by its provisions, all Sundays shall be considered as days of public rest. However, nothing therein prohibits- a Committee of a political party from receiving on Sunday notifications from those intending to 'become candidates in a Primary Election. The general law is that whatever a holiday statute expressly declares shall not be done is unlawful, but whatever it fails to prohibit may be lawfully done on a holiday or day of rest. The Supreme Court so held in Woodard v. Bienville Parish School Board, 169 La. 831, 126 So. 207, 208. The Court made this observation :
“At nearly every biennial session of the Legislature an act is passed designating certain days as days of public rest and legal holidays. The last act on the subject was enacted in 1928, being Act 49 of that year. This act, as well as all of the others on the subject, provides that the 1st day of January, as well as other days named, shall be considered as days of public rest and legal holidays.
“It is to be observed that there is nothing in this act which forbids, either expressly or by reasonable implication, the meeting and transaction of any and all business on a legal holiday by any public board, commission, municipality, or legal subdivision of the state. The only prohibitive provision of the statute relates to and deals with commercial paper.”
It is not alleged that relator’s notice of intention could not be filed on May 30, 1954 before 5 o’clock p.m. The fact that relator did file his notice of intention on that day but not until 8 o’clock p.m. stands out, and it is manifest that his notification could have as well been filed before the time limit of 5 o’clock with the Committee.
Thus, LSA-R.S. 18:309 insofar as it fixes the time within which notifications of candidacy shall be filed, being mandatory and sacramental, neither the Democratic Executive Committee of the Parish of St.. John the Baptist, the district court, nor this court has the prerogative to deviate from the unambiguous terms of the statute and say that because the last day of the term fell on a dies non juridicus, Madere had a day *215 of grace to file his notification to become a candidate in the Primary on July 27, 1954.
The judgment appealed from is correct and it is hereby affirmed.
Affirmed.