McCALEB, Justice
(concurring).
I am in accord with the result reached in these cases but, since my views are somewhat different from those expressed in the main opinion, I deem it appropriate to briefly state them.
R.S. 18:355, 18:356, 18:357 and 18:358, which are quoted in the majority opinion, are counterparts of Sections 76, 77, 78 and 80 of Act 46 of 1940, formerly the Primary Election Law, which was placed in the Revised Statutes as Chapter 2 of Title 18, Sections 281-382. That Act specifically provided by Section 79 that there would not be a second primary for State Officers[1] in the event a candidate for Governor was nominated in the first primary and the other sections of the Act, especially those involved herein, were couched in terms conforming to that provision.
In 1944, the Legislature attempted to change the law providing for nomination of a State Officer by plurality in case there was no second primary for Governor and, to effectuate this purpose, Section 79 of Act 46 of 1940 was repealed by Act 60 of 1944. However, it is manifest to me that the repeal of Section 79 did not accomplish the desired object for it left untouched all of the other sections of the Act pertaining to the holding of second primaries which sections, as I have above pointed out, were worded so as to be in keeping with the original purpose of the Act, i. e., that candidates for State offices would be nominated by plurality in case a second primary for the nomination of a candidate for Governor was unnecessary. Consequently, since there is no provision contained in the applicable sections of the Revised Statutes which make it mandatory for the State Central Committee to hold a second primary, the courts are without power to coerce it to do so.
On the other hand, I cannot subscribe to the opinion of the majority that the provisions of R.S. 18:358 (formerly Section 80 of Act 46 of 1940) apply only to the holding of second primaries for local officers and I think the Louisiana Law Institute committed error in attempting to thus limit the scope of the section in its caption.[2] Indeed, it takes no more than a casual inspection of R.S. 18:355, 18:356, 18:357 and 18:-358 to perceive that the latter section applies to the holding of second primaries for all officers (State, District and Local) save only those State Officers who are voted on *581 throughout the State and are nominated at the same time as a candidate for Governor. The reason why those State Officers are necessarily excluded from R.S. 18:358 is that they are specifically included in R.S. 18:356 and 18:357, providing for a second primary for Governor and other State Officers and the method of holding such primary. But, surely, second primaries for all other State Officers [3] and District Officers [4] are plainly covered by R.S. 18:358 and the caption thereof, indicating that it is restricted to Local Officers, is obviously not in conformity with its provisions.
I concur in the result.

. As used in the statute, the term “State Officers” is obviously limited to those officers who run statewide in the same primary election at which a candidate for Governor is nominated.

. The marginal caption of Section 80 of Act 46 of 1940 reads simply “Second primaries” thus covering all such, primaries except second primary elections for Governor and other State Officers.

. Supreme Court Justices, Public Service Commissioners and others whose jurisdiction is statewide.

. Judges of the Courts of Appeal (see McCall v. Regan, 214 La. 254, 36 So.2d 830) State Tax Collectors and the like (see State ex rel. Carbajal v. Looney, 154 La. 457, 97 So. 657).