PER CURIAM.
This is a mandamus proceeding to compel the Third Circuit Court of Appeal at Large District Democratic Executive Committee to certify relator as a candidate for the office of Judge at Large of the Third Circuit Court of Appeal. Made defendants were the Committee, its chairman, and Judge Preston L. Savoy, whom the Committee had certified as the sole candidate qualifying for the office during the qualification period. The plaintiff appeals from judgment dismissing his suit.
By ratification in November of 1958 of Act 561 of 1958, submitted to the people as a constitutional amendment to revise the appellate court structure of Louisiana, ten new appellate judgeships were created. Pursuant to the mandate incorporated as Section 21, subd. E of this amendment of Article VII of our Constitution, the Governor, shortly after ratification of the amendment, issued a call for the election of the new judges to be held on April 24, 1959.
The respondent Executive Committee convened on December 20, 1958, in Lafayette, Louisiana, and by resolution called for a primary election to be held on February 21, 1959, at which to select a Democratic nominee for the office of Judge at Large for the Third Circuit Court of Appeal comprised of twenty-one parishes: Acadia, Allen, Avoyelles, Beauregard, Cameron, Calcasieu, Catahoula, Concordia, Evangeline, Grant, Iberia, Jefferson Davis, Lafayette, LaSalle, Natchitoches, Rapides, Sabine, St. Martin, St. Landry, Vermillion and Vernon. The resolution also provided that anyone desiring to become a candidate for the Democratic nomination shall, on or before 5 o’clock p. m. (CST) on December 30, 1958, file with the Chairman of the Committee his notification of candidacy in the form prescribed by law.
On January 2, 1959, or about three days after this deadline, the relator-appellant made his first effort to file notification of his candidacy, and, after being rejected *679 by both the Secretary and the Chairman of the Committee on the grounds that it was too late, posted said notification in the United States mail at 10 o’clock a. m. on January 3, 1959.
The principal substance of relator-appellant’s complaint, upon which he bases his demand that he be allowed to qualify to run in the primary against the candidate-defendant who timely qualified, is that he was allegedly deprived of his right to qualify as a candidate by the failure of the respondent Committee to post or publish the deadline for qualifying and the amount of the required deposit as required by LSA-R.S. 18:298.
The statutory authority upon which relator relies provides, in full:
“§ 298. Rules and regulations by local committees; meetings, proceedings, minutes
“Every committee created in this Part may adopt all necessary rules and regulations for its government, including the right of its members to vote by proxy, not inconsistent with the rules and regulations adopted by the state central committee and not inconsistent with the constitution and laws of the United States or of Louisiana.
“They meet at the times fixed in this Part, and at such other times as they fix or as are fixed by the state central committee. They meet upon the call of their chairman or secretary.
“All proceedings of parish, judicial, and senatorial committees constitute a public record. The minute book and a certified copy of all proceedings shall be in constant custody of the clerk of court except when in use at committee meetings.
“All committees shall publish or post as hereinafter provided, the full amount of deposit required of each candidate by all parish, district, or state committees and by this Part.
“The minutes of all meetings of parish, judicial, and senatorial committees, the call therefor, and the time, place, and date of all such meetings shall be posted on the main door of the courthouse not later than twenty-four hours after the issuance of the call for or the holding of any such meeting.” (Italics ours.)
In Hingle v. Plaquemines Parish Democratic Executive Committee, 212 La. 705, 33 So.2d 203, upon which relator-appellant relies, our Supreme Court held that a candidate could not be disqualified because he posted an incorrect amount due to vagueness in the published resolution. The case is not apposite to the present controversy since no question is raised herein of the insufficiency of the deposit tendered by relator.
Relator’s qualifying papers were not accepted solely because they were not tendered until after the deadline for qualifying had passed. The resolution of the respondent Committee clearly and unambiguously provided for deposit of a qualifying fee in the total amount of two hundred dollars, which amount was in fact attached to the qualifying papers tendered by relator after the last qualification date of December 30.
Furthermore, the only statutory requirement that a committee “publish or post as hereinafter provided” is set forth in the next and final paragraph of Section 298, which requirement as will shortly be stated we hold applies only to Judicial district committees and not to court of appeal district committees as statutorily defined by LSA-R.S. Section 285(3) and (7).
Likewise, without merit is the contention of the relator-appellant that the respondent Committee was required by the last paragraph of the above-quoted statutory enactment to post the minutes of the meeting, including the qualification dates, upon *680 the door of the courthouse in the parish (Lafayette) in which the committee sat. This paragraph under its terms is applicable only to “parish, judicial, and senatorial committees.”
These terms are specifically defined in LSA-R.S. 18:285(6), (7) and (9) — See— “senatorial district committee”, 285(6)— “judicial district committee” 285(7) — “parish committee” 285(9) — and are distinguished from a “court of appeal district committee” (Section 285(3) such as the present respondent committee.
It is apparent from the context, despite the skillful argument of counsel for the plaintiff-appellant, that the “judicial committees” required to post their minutes on the courthouse door by the last paragraph of Section 298 refer to local judicial district committees as well as to local senatorial and parish committees, and specifically not to the “supreme court district committee” (285(2), “court of appeal district committee” (285(3), “public service commission district committee” (285(4), and “congressional district committee” (285(5) defined in the related statutory section.
McCall v. Regan, 214 La. 254, 36 So.2d 830, referred to in oral argument by plaintiff-appellant as authority for the proposition that a “court of appeal district committee” is a “judicial district committee”, is not in point. There in a contest for the nomination of judge of the Orleans Court of Appeal had been filed in East Baton Rouge Parish under the theory that said office was that of a “State officer”, suits involving nominations for which are statutorily required to be filed at the domicil of the State Capitol. The Supreme Court held that a court of appeal judge is not a State officer, but a district officer, suits concerning which are required to be filed (as herein) at the domicil of the contestee (see LSA-R.S. 18:364). Of course, that a court of appeal judge is elected from a court of appeal district rather than as a State officer, does not furnish any relevant guide as to whether a “court of appeal district committee” is to be considered in the same category as a “judicial district committee” for purposes of the statutory enactment in question.
It is stipulated that the committee “meeting was a public and open meeting and no attempt was made to conceal the meeting place or meeting time.” (Tr-88) Following the meeting, the committee chairman brought a copy of the resolution setting qualification dates and the deposit required to the editor of the Lafayette Daily Advertiser “so that it would be properly reported, thinking it was an item of state wide interest” (Tr-79).
Under LSA-R.S. 18:309, a prospective candidate is ordinarily required to file his candidacy “not later than 5 P.M. central standard time on the tenth day after the issuance of the call of the committee for the primary.” LSA-R.S. 18:309. This and earlier statutory versions have been interpreted as mandatory legislative requirements, that a candidate must file his candidacy within 10 days of the call, which neither the court nor the committees themselves may extend. State ex rel. Madere v. St. John the Baptist Parish, La.App. Orleans, 73 So.2d 211; cf., Brown v. Democratic Parish Committee, 183 La. 967, 165 So. 167, 169: “This court has repeatedly placed a liberal construction upon the language of the Primary Election Law in favor of those offering themselves as candidates for public office, but it has consistently and uniformly enforced the prescriptive periods of the statute. To extend these provisions in order to allow a greater time than .expressly set forth in the statute is equivalent to legislating by the court. This is the province of the Legislature and not the judiciary.”
Especially in the absence of any alleged or shown fraud or conscious concealment or of any shown prejudice of relator (cf. Hingle v. Plaquemines Parish Democratic Executive Committee, 212 La. 705, 33 So.2d 203), this court has no power to extend the legislatively mandatory qualifying pe *681 riod of ten days from the call which was issued on. December 20th by the respondent Committee.
Further, under the circumstances of this case, even if the respondent Committee were required to post the committee resolution on the courthouse door, failure to do so was not prejudicial to the relator. Although prior to the closing of the qualifying dates, relator appellant spoke to one of the three members of respondent Committee from his own parish, (whom he said was vague about details, having sent in his proxy), he made no attempt to ascertain from the Chairman of the Committee, the other members of the Committee from his own parish (at least one of whom had attended the meeting), the Secretary of State, or any other source, the qualifying dates and the amount of the deposit— until after the deadline for qualification had passed and he read in the Shreveport Times that only one candidate had qualified for the vacancy.
It is undenied that on December 23rd (7 days prior to the final date for qualification) a news article appeared in the Alexandria Daily Town Talk (a paper which the relator testified he read daily, Tr-SO), which stated that the respondent committee had met on December 20th, and which named the chairman and secretary thereof, and which further stated that defendant contestee had already qualified for the vacancy.
Relator further admits that he did not attempt to look at the courthouse door in Alexandria or elsewhere (including Lafayette) to find any minutes of any meeting fixing the qualifying dates.
Under these circumstances, in the complete absence of any prejudice to him, relator cannot complain of the failure of the respondent committee to post the minutes, including the qualifying dates and the amount of the deposit required, upon the Lafayette Courthouse door (even if the requirement applied to court of appeal dis-trict committees and even if courts were permitted to extend the qualifying period beyond the statutory maximum.)
Hingle v. Plaquemines Parish Democratic Committee, 212 La. 705, 33 So.2d 203, the authority relied upon by relator-appellant, is in fact authority for the latter holding. While it is true that in the cite.d case the Supreme Court permitted to qualify one of the two plaintiffs who had filed an incorrect amount of filing fee due to the vagueness of the published resolution, it refused to allow the other plaintiff to qualify who, as a member of the defendant committee, therein should have known of the intended amount set forth by the resolution and could not therefore complain of any failure to comply with any alleged mandatory duty to publish the qualifying fee.
For the above and foregoing reasons, the judgment of the District Court dismissing relator’s suit is affirmed.
Affirmed.