142 So.2d 378

**STATE of Louisiana ex rel. Ralph BREWER**

v.

**DEMOCRATIC SECOND PUBLIC SERVICE DISTRICT EXECUTIVE COMMITTEE et al.**

No. 46233.

June 20, 1962.

Arthur Cobb, Jerry Bankston, Baton Rouge, for relator.

Jack P. F. Gremillion, Atty. Gen., Harry Fuller, Second Asst. Atty. Gen., Scallan E. Walsh, Asst. Atty. Gen., for appellees.

McCALEB, Justice.

This is a mandamus proceeding to compel the Democratic Second Public Service District, through certain of its officers and members, to certify relator as a candidate for nomination for the office of Public Service Commissioner. The Secretary of State, Wade O. Martin, Sr., was also made a party defendant in order that he might be prevented from causing ballots to be printed which would not include the name of the relator. Alternative writs of mandamus were issued to defendant members of the executive committee and a temporary restraining order prohibiting the printing of ballots was issued to the Secretary of State. Pursuant to R.S. 18:364 a hearing was fixed by preference and, upon hearing, the district judge found for the defendants and accordingly rendered judgment dismissing relator's suit, recalling all writs and dissolving the temporary restraining order.

The case is now before this Court on appeal, our appellate jurisdiction emanating from Article VII, Section 10(4) of the Constitution (as amended by Act No. 561 of 1960) since the limits of the Second Public Service District extend beyond a single Court of Appeal District.

The facts are not disputed. On May 25, 1962, the Second Public Service District Democratic Executive Committee issued a call for the filing of notifications of candidacy. The time allowed for such filing, both according to the call issued by the Committee and according to law (R.S. 18:309), was until 5:00 p. m. central standard time on the seventh day after the issuance of the call, or 5:00 p. m. on June 1, 1962. At approximately noon of June 1st relator, a resident of Baton Rouge, contacted the Chairman of the Committee, Mr. Stuart Kay, at his office in De Ridder by telephone for the purpose of learning the necessary procedure for qualifying to run in the primary. Mr. Kay informed relator that he would have to have the necessary papers delivered to him before 5:00 p. m. of that day and that he would remain in his office until after five. Mr. Kay further told relator, in response to a question by relator, that, if relator could not make the trip himself, he could have someone deliver the papers for him. Relator sent one Daniel L. Regard to De Ridder but Mr. Regard did not arrive at Mr. Kay's office until eight minutes after five. Mr. Kay took the papers

and a cashier's check for the qualifying fees from Mr. Regard and gave him a receipt therefor, on which was noted the fact of the late filing. Mr. Kay then called relator and informed him of the fact that he had not met the legal deadline and, as a result, he (Mr. Kay) could not certify relator to the Secretary of State as having qualified as a candidate. He did, however, agree to forward the papers and check to the Secretary of State with a notation that they had been filed late, thereby leaving the question up to that official as to what was the proper disposition of the matter. Shortly thereafter, Mr. Kay consulted with an Assistant Attorney General and concluded that it was his (Kay's) duty to reject the papers and that it would not be proper to pass the problem on to the Secretary of State. Accordingly, Mr. Kay returned the papers and check to relator by mail.

R.S. 18:309 declares, in part, as follows:

"Any person desiring to become a candidate in any primary held under the provisions of this Part shall, except as otherwise provided herein, not later than 5 P.M. central standard time on the seventh day after the issuance of the call of the committee for the primary, file with the respective officers hereinafter designated in this Part a written notification of his intention to become a candidate at the primary * * *".

Under R.S. 18:310A, relator, in order to become a candidate for nomination as member of the Public Service Commission, was required to file written notification and declaration of such candidacy within the time prescribed by R.S. 18:309 with the Chairman of the Committee calling the primary and make a deposit of $100 with said Chairman.

█ Since relator, admittedly, did not comply with the mandate of the law, his notice of his intention to become a candidate having been filed eight minutes after the 5:00 p. m. deadline, it would appear that this suit cannot stand as it is well settled that election laws and matters relating to and affecting them belong to the political department of government and are, therefore, beyond the control of judicial power. See Reid v. Brunot, 152 La. 490, 96 So. 43 and the many cases there cited. Statutes dealing with elections are sui generis; they must be applied as written, especially so with relation to the time fixed in primary laws during which a candidate must do a particular act. It has been repeatedly stated in the decisions dealing with statutory provisions fixing the time within which a candidate for office must file notice of his candidacy that neither the courts nor the committees with whom the notice is to be filed may extend the time prescribed by the statute. See State ex rel. Dunshie v. Fields, 164 La. 954, 115 So. 45; Brown v.

Democratic Parish Committee, 183 La. 967, 165 So. 167; State ex rel. Denny v. Members of Caddo Par. Dem. Ex. Com., 201 La. 483, 9 So.2d 657; State ex rel. Madere v. St. John the Baptist Parish Dem. Ex. Com. (La.App.) 73 So.2d 211 and State ex rel. Thompson v. Third Circuit Court of Appeal, etc. (La.App.) 108 So.2d 677.

Relator, however, asserts that the mandate of R.S. 18:309 is inapplicable to the facts presented here as he conceives that his case falls within the purview of that part of R.S. 18:312, which provides for the mailing of nomination papers when the Chairman and Secretary of the proper Committee are *unavailable*. That section provides that:

"Whenever in this Part provision is made for the filing of any notice * * * it shall be filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found, or for any reason refuses to accept the paper or deposit, it may be filed with the secretary. If the secretary is not available, or refuses to accept the paper or deposit, or cannot be found, it may be deposited in the United States mail, at some point in Louisiana, in an envelope properly registered, stamped, and addressed to the chairman, which deposit in the mail constitutes a proper filing as of that date."

Relator argues the pertinency of the foregoing provisions on the theory that Mr. Kay, the Chairman of the Committee, was not available to him since he lived in De Ridder which is about 150 miles from relator's home in Baton Rouge. From this premise, the contention is advanced that it would have been permissible for relator to have mailed notice of his candidacy to Mr. Kay by registered mail after the deadline but that such mailing by him was rendered unnecessary under the circumstances of the case, because relator was lulled into a belief that he need not do so since Mr. Kay, as Chairman of the Committee, filed the nomination papers and kept them until he returned them to relator on the following Monday, June 4, 1962.

██ We find no merit in this contention. The provisions of R.S. 18:312 are unambiguous. They expressly state that the Chairman of the Committee is the person to whom any notice, deposit, objection or protest shall be made. The time allotted to candidates for filing a notice of candidacy is not fixed therein; it is governed by R.S. 18:309. Thus, notices of candidacy may be filed with the Chairman of the Committee at any time prior to the deadline of 5:00 p. m. fixed in the statute and it is not essential, we think, that they be presented to the Chairman of the Committee by a candidate himself. It would suffice, as in the case at bar, that they were delivered by

an agent or even by the United States mail, forasmuch as R.S. 18:312 does not expressly provide that they shall be filed by the candidate in person. However, it is always essential for the notice or other papers to be filed with the Chairman of the Committee prior to the 5:00 p. m. deadline when one seeks to become a candidate in a primary. Since relator failed to file his papers before the deadline, the Chairman of the Committee properly, albeit not immediately, refused to certify relator.

■ The portion of R.S. 18:312 which provides the remedy to a prospective candidate of mailing his notice of candidacy and other papers, when the Committee Chairman and Secretary are not available, absent themselves or refuse to accept the nomination papers when filed timely, are plainly inapplicable to this case. This, for the reason that Mr. Kay was available, and relator knew and recognized that he was available. Relator attempted to qualify but simply failed to file his papers within the time fixed by law. In such circumstances, it avails relator nothing that the Chairman of the Committee noted on the papers that he had filed them. Mr. Kay's action in so doing could not extend the time provided by R.S. 18:309 for the filing of the nomination papers for the reasons heretofore stated.

The judgment appealed from is affirmed.