DOMENGEAUX, Judge.
Plaintiff - Appellee, Lewis E. Jones, Jr., brought this action to have defendant-appellant, J. C. LaCaze, Jr., declared ineligible as a candidate for the position of School Board Member from Ward Four, District Eleven, of Natchitoches Parish, Louisiana, in the open primary election to be held on August 14, 1976.[1] Judgment was rendered in plaintiff’s favor, disqualifying defendant as a candidate for said office. Defendant has appealed. We affirm.
On June 11, 1976, the Democratic Executive Committee of the Parish of Natchi-toches met and passed a resolution whereby it called for a primary election for the purpose of selecting democratic nominees for the offices of School Board Member from certain districts. The Committee’s resolution required that all candidates qualify on or before 5 o’clock P. M., June 16, 1976, by filing the appropriate papers and fees with Mr. Eugene W. Scott, Jr., Chairman of the Committee. On June 15, 1976, at approximately 2:50 P. M. plaintiff properly qualified by appearing and executing the proper documents and paying the necessary fees to Mr. Scott. The following day at approximately 3:00 P. M. defendant attempted to qualify by appearing before Mr. Scott. However, Mr. Scott was out of town at the time and the following notice was posted on the door of his office:
“TO QUALIFY FOR SCHOOL BOARD MEMBER — DEADLINE 5:00 P. M. 6-16-76
1. TRY TO LOCATE MR. JOHN WHITAKER — OFFICE AT 139 ST. DENIS STREET
OR
2. OBTAIN FORM FROM REGISTRAR OF VOTERS OFFICE
3. COMPLETE AND HAVE NOTARIZED
4. OBTAIN $85.00 MONEY ORDER PAYABLE TO: NATCHITO-
CHES PARISH DEMOCRATIC EXECUTIVE COMMITTEE
5. MAIL FORM AND MONEY ORDER BY CERTIFIED OR REGISTERED MAIL TO:
EUGENE W. SCOTT, JR. P.O.BOX 677
NATCHITOCHES, LOUISIANA
MUST BE POST MARKED 6-16-76
Defendant claims that he did not see the notice which was allegedly posted on the door to Mr. Scott’s office, but he did not deny its existence. The following day, June 17th, 1976, defendant went to the office of Mr. John Whitaker, Secretary of the Democratic Executive Committee of Natchitoches Parish and qualified before that individual.
The material issue presented by this appeal is whether the deadline for qualifying *520 for the office of School Board Member was actually 5:00 P. M. on June 16th, 1976.
The applicable statutory provision is found at LSA-R.S. 18:391 (A) which provides as follows:
“Any person desiring to become a candidate in any primary held under the provisions of this Part, who is registered as being affiliated with a political party shall, not later than 5:00 P. M. on the fifth day after the opening of qualifications for candidates for the primary election, file with the respective officers of the political party with which he is affiliated, written notification of his intention to become a candidate at the primary, accompanied by a declaration under oath that to the best of his knowledge and belief he is a duly qualified elector under the constitution and laws of this state.” (Emphasis added)
Defendant contends that the computation of the five day period set forth in the above statute is governed by the provisions of LSA-C.C.P. Article 5059 which reads:
“In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
(1) It is expressly excluded;
(2) It would otherwise be the last day of the period; or
(3) The period is less than seven days.”
All parties agree that June 11, 1976, the day upon which the resolution was passed by the Committee, is not to be considered in computing the duration of the five day period. However, defendant contends that since June 12th and 13th (Saturday and Sunday) were legal holidays (LSA-R.S. 1:55) those days should not have been included in the computation of the five day period and that the qualifying should have remained open until 5:00 P. M. on June 18, 1976.
In the case of State ex rel. Brewer v. Democratic Second Public Service District Executive Committee, 243 La. 151, 142 So.2d 378 (1962) our Supreme Court clearly stated the status of our statutory election laws:
“Statutes dealing with elections are sui generis; they must be applied as written, especially so with relation to the time fixed in primary laws during which a candidate must do a particular act. It has been repeatedly stated in the decisions dealing with statutory provisions fixing the time within which a candidate for office must file notice of his candidacy that neither the courts nor the committees with whom the notice is to be filed may extend the time prescribed by the statute.” (Citations omitted)
See also Reid v. Brunot, 153 La. 490, 96 So. 43 (1923); State ex rel. Madere v. St. John The Baptist Parish Democratic Executive Committee et al., 73 So.2d 211 (La.App. Orl. 1954) ; State ex rel. Thompson v. Third Circuit Court of Appeal at Large District Democratic Executive Committee, 108 So.2d 677 (La.App. 1st Cir. 1959) writs denied.
Because our statutory election laws have been designated as sui generis in nature, such laws must be strictly construed and our general laws have little, if any, application thereto.
Thus, bound by the clear mandate in Brewer, supra, we hold that LSA-C.C.P. Article 5059 is not applicable to the provisions of LSA-R.S. 18:391 (A) insofar as it *521 fixes the delay within which one may file notification of candidacy for public office. Therefore, we agree with the finding of the trial court that the defendant failed to comply with the provisions of LSA-R.S. 18:391 (A) and the resolution of the Democratic Executive Committee of Natchitoch-es Parish relative to the time in which he attempted to qualify for political office.
For the above and foregoing reasons the judgment of the district court which declared appellant, J. C. LaCaze, ineligible as a Democratic Candidate for School Board Member for District Eleven, Ward Four of the Parish of Natchitoches, Louisiana, be and the same is hereby affirmed. Costs at trial and on appeal. are assessed against the defendant-appellant.
AFFIRMED.

. Also made defendant was the Chairman of the Democratic Executive Committee of Natchitoches Parish, but he is not a party to this appeal.