McDonald, j.
12This is an election dispute challenging whether Travis Clark timely qualified to run for the office of Mayor, Town of Walker. Finding no error in the trial court’s judgment, we affirm.

DISCUSSION

A person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy, accompanied either by a nominating petition or by the qualifying fee and any additional fee imposed. La. R.S. 18:461 A(l). Local and municipal candidates shall qualify for a primary election with the clerk of court for the parish in which the candidate is registered to vote. La. R.S. 18:462 B. “A notice of candidacy, accompanied ... by the qualifying fee ... is filed timely only if received ... by the clerk of court, for local or municipal candidates, during the qualifying period for candidates in the primary election.” La. R.S. 18:466. The qualifying period for candidates seeking the office of mayor of Walker ended at 5:00 p.m. on July 11, 2008. See La. R.S. 18:468 A.
The law is explicit that the qualifying period “shall close at 5:00 p.m. on the Friday after the opening of the qualifying period.” La. R.S. 18:468 A. The election statutes “must be applied as written, especially so with relation to the time fixed in primary laws during which a candidate must do a particular act.” State ex rel. Brewer v. Democratic Second Public Service Dist. Executive Committee, 243 La. 151, 156, 142 So.2d 378, 379 (1962) (discussing former La. R.S. 18:309). To allow a greater time than expressly set forth in the statute is equivalent to legislating by the court. See Brown v. Democratic Parish Committee of St. Bernard Parish, 183 La. 967, 974, 165 So. 167, 169 (1935).
The trial court’s judgment was based on a factual determination that Clark’s notice of candidacy was filed with the Livingston Parish Clerk of Court’s office after 5:00 p.m. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and 2) further determine that the *280 record establishes that the fact finder is clearly wrong. Bonin v. Ferrellgas, Inc., 2003-3024, pp. 6-7 (La.7/2/04), 877 So.2d 89, 94-95. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be clearly wrong. Bonin, 2003-3024 at p. 12, 877 So.2d at 98. Similarly, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Bonin, 2003-3024 at p. 12, 877 So.2d at 98.
Clark correctly maintains that the person objecting to candidacy bears the burden of proving that the candidate is disqualified. Landiak v. Richmond, 2005-0758, pp. 6-7 (La.3/24/05), 899 So.2d 535, 541. In this instance, however, the record is replete with testimony and documentary evidence to support the trial court’s factual conclusion that Clark arrived at the clerk’s office after 5:00 p.m. on July 11, 2008. Moreover, the record clearly demonstrates that neither the “notice of candidacy” nor the [/‘qualifying fee” was “received ... by the clerk of court” during the qualifying period, as required by La. R.S. 18:466.
Vanessa Barnett works in the election qualifying section of the Livingston Parish Clerk of Court’s office. Barnett was stationed in a rear conference room that was being used for qualifying candidates. Barnett explained that candidates generally arrive at the clerk’s office with their completed forms. She then inputs their information into her computer, which is linked directly to the Secretary of State’s system.
Livingston Parish Clerk of Court Thomas L. Sullivan, Jr. serves as the chief election officer for Livingston Parish. See La. R.S. 18:466. On the last day of qualifying, July 11, 2008, shortly before 5:00 p.m., Sullivan approached the front counter of the clerk’s office where Criminal Supervisor Ann Wimberly and Livingston Parish Assessor Jeff Taylor were standing. Wim-berly looked at the clock on the wall above Sullivan’s office. “The minute hand was past 12,” making it past 5:00 p.m. Sullivan wanted “another source to indicate that it was at least 5:00 o’clock” so he asked Assessor Taylor what time he had. Taylor checked his cell phone and told Sullivan it was 4:59 p.m. Wimberly’s cell phone also showed 4:59 p.m. When their phones indicated it was 5:00 p.m., Taylor and Wimberly informed Sullivan. Sullivan stated that the wall clocks were now showing the time as past 5:00 p.m. Accordingly, Sullivan instructed Wimberly to lock the door to the clerk’s office.
Wimberly remembered she also needed to lock the lobby door. She entered the lobby and observed a car pulling into the parking lot. She returned to the clerk’s office and informed Sullivan. Realizing it was 1 sprobably someone coming to qualify, Taylor checked his cell phone again; it was 5:02 p.m. Taylor walked over and saw Clark coming down the sidewalk. Taylor testified that by the time Clark reached the clerk’s office it was 5:04 p.m. He checked the time because he “knew that there was going to be a question about it.”
Meanwhile, Barnett recalled looking at her computer, and noting that it was 5:01 p.m., she was ready to print the list of all of the candidates. See La. R.S. 18:470 A(3)(a). She then learned that Clark was in the Clerk’s office. Knowing Clark’s name and recognizing he was seeking to qualify for mayor of Walker, she pulled the form up on her computer and began filling in the information required by the Secretary of State’s office.
Clark testified that when he pulled into the parking lot his car clock said 4:59 p.m. When he reached the clerk’s office, Clark *281 said his cell phone reflected the time as 5:00 p.m. “straight up.”[1] Upon his arrival at the clerk’s office, Sullivan informed Clark that he was too late. Sullivan then asked Barnett to contact the Secretary of State’s office for direction.
Sullivan ultimately decided to allow Clark to file his notice of candidacy but told Clark that, if asked, he would state that Clark was late. Clark then entered the rear conference room where Barnett was stationed. Clark did not arrive with a completed Notice of Candidacy Qualifying Form. The form was completed in Barnett’s presence, and Barnett input the information into the Secretary of State’s system. Clark’s Notice of Candidacy Qualifying Form states that it was received, along with $150.00 [ fiin fees, on July 11, 2008, “at 5:05 o’clock PM.” Barnett testified that she did not enter the time; rather, the time was generated by the Secretary of State’s system. She also did not know whether the Secretary of State’s system places the time on the document before or after its completion. After the form was completed, Clark paid the required fees.
In light of the evidence, the trial court’s factual conclusion that Clark’s notice of candidacy was filed after 5:00 p.m. on July 11, 2008, is not clearly wrong. Accordingly, under the plain provisions of La. R.S. 18:468, Clark’s notice of candidacy was not timely filed. Clark is ineligible to run in the upcoming election for mayor of Walker.

CONCLUSION

Considering the foregoing, the judgment appealed from is affirmed. Costs of this appeal are assessed to the defendant Travis Clark.
AFFIRMED.

. There is some discrepancy between Clark's testimony at trial and his deposition testimony regarding whether Clark’s cell phone clock was faster or slower than the clock in his car.