PER CURIAM.
For the written reasons to be handed down in due course:
The judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendants-appellants, The 26th Senatorial District Democratic Executive Committee and each of its members, Leander H. Perez, Richard H. Gauthier and William J. White, and against the plaintiff-appellee, French Jordan, dismissing said plaintff’s petition for mandamus at his cost in both courts.
Reversed.
REASONS FOR JUDGMENT
SAMUEL, Judge.
Plaintiff, a resident of Jefferson Parish, filed this mandamus proceeding in the 24th Judicial District Court for the Parish of Jefferson against the 26th Senatorial District Democratic Executive Committee and its three individual members to compel the defendants to certify plaintiff as a candidate for the State Senate from the 26th Senatorial District in the primary election to be held on November 4, 1967. Service of process on the committee was made through both its chairman and its secretary. Defendants filed exceptions of no right or cause of action (actually not an exception of no right of action but only an exception of no cause of action based on an alleged insufficiency of factual allegations) and to the jurisdiction, both over the person of the committee and over the subject matter, and an answer, the latter being filed under court order with full reservation of their rights under the exceptions. After trial the district court rendered judgments overruling and dismissing the exceptions and ordering defendants to certify plaintiff as a candidate for the Senate in the election. Defendants have appealed.
The 26th Senatorial District is comprised of Plaquemines and St. Bernard Parishes and Wards 1, 2 and 3 of Jefferson Parish. The members of the defendant committee are Chairman Leander H. Perez, a resident of Plaquemines Parish, Vice Chairman Richard H. Gauthier, a resident of St. Bernard Parish, and Secretary William J. White, a resident of Jefferson Parish. At a meeting held in Baton Rouge on August 5, 1967 the committee passed a resolution in pertinent part, and in compliance with LSA-R.S. 18:309 and 18:312, requiring that anyone desiring to become a candidate for the Democratic nomination for the office of Senator from the 26th Senatorial District file his notice of intention to become a candidate with the committee chairman, in the form prescribed by law, on or before August 12, 1967. A certified copy of the resolution was duly posted on the front door of the Jefferson Parish Courthouse.
On August 10, 1967, two days prior to the August 12 deadline, plaintiff’s attorney, Mr. Robert D. Edwards, mailed to Judge Perez, the committee chairman, plaintiff’s notice of intention to become a candidate and a certified check covering the required deposit. The documents were sent by certified mail to' the chairman’s home at Post Office Box 542C, Belle Chasse, Louisiana. They were not received by Judge Perez and remained in the Belle Chasse Post Office until returned to the sender by the post office on August 28, 1967. The committee’s answer avers plaintiff failed to qualify because his notice of candidacy was not filed within the required time.
*683 ON THE EXCEPTIONS
Quite clearly the 24th Judicial District Court did have jurisdiction over the subject matter, an issue raised by one of the exceptions but neither argued nor briefed before this court. Under LSA-C.C.P. Art. 2 jurisdiction over the subject matter is “ * * * the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” In pertinent part LSA-Const. Art. 7 § 35 provides that the district courts shall have original jurisdiction in all cases where the “ * * * right to office, or other public position, or civil or political rights are involved, * * *”; and LSA-R.S. 18:381 gives to the courts of this state the authority to issue writs of mandamus to enforce any provisions of the primary election law. The district court in the Parish of Jefferson, as is equally true of the district court in the Parishes of St. Bernard and Plaquemines, has the authority to hear and determine the type of case with which we are here concerned.
 Appellants’ sole argument in support of their exception to the jurisdiction over the person of the committee is that because the chairman is the chief executive officer of the committee, and because he certifies to the Secretary of State the names of candidates who have qualified, the committee can be brought into court only by a suit filed in the court having jurisdiction over the domicile of the chairman, in this case the Parish of Plaquemines and not the Parish of Jefferson. The argument is without merit insofar as it applies to appellants’ position that the Jefferson Parish District Court was without jurisdiction over the person of the committee. It appears to be directed at venue rather than jurisdiction. But, as the appellants have not filed an exception of improper venue neither the issue of venue nor the possible waiver thereof is before us. See LSA-C.C.P. Arts. 41, 42, 44, 925 and 928.
Our attention has not been called to any law, and we know of none, giving the committee a legal domicile at which it must be sued. The committee has no established office ; it has no office at all and, as testified by its secretary, can meet at any place. In actual fact its first meeting was held in Baton Rouge. Under LSA-C.C.P. Art. 6 jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding and such jurisdiction is based upon service of process on the defendant. Since the committee had no established office, service on it could be made at any place where its chief executive officer, the chairfnan, could be found; and, service of process on the committee having been made on its chairman, the 24th Judicial District Court did have jurisdiction over the person of the committee. See LSA-C.C.P. Art. 1265. We are of the opinion that the judgment overruling and dismissing the jurisdictional.exceptions is correct.
In view of the conclusion we have reached on the merits we find it unnecessary to discuss the exception of no cause of action.