MILLER, Judge.
John Shirley Guillory petitioned for a writ of mandamus to order the defendant Evangeline Parish Democratic Executive Committee to certify him as a candidate for the office of Police Juror, Ward 3, Evangeline Parish in the November 6, 1971 Democratic Primary. Plaintiff’s filing for the office was rejected on the ground that he was not a member of the Democratic Party for six months before the scheduled primary election. The trial court dismissed plaintiff’s suit and we affirm.
On May 11, 1971 plaintiff changed his registration from the Republican Party to the Democratic Party. Prior to the close of qualifications, plaintiff properly filed written notification of his intention to become a candidate at the November 6, 1971 Democratic Primary. No written objection to his candidacy was filed with the Evangeline Parish Democratic Executive Committee. However the Committee had been notified sometime before qualifications were opened that plaintiff changed his party affiliation on May 11, 1971. The Committee refused to accept plaintiff’s filing papers for the reason that he had not been a member of the Democratic Party the required six months before the scheduled primary election.
Plaintiff alleges that the trial court erred for three reasons. First, it is contended that plaintiff will have been a member of the Democratic Party for six months on November 6, 1971.[1] Second, it is contended that no challenge has been formally lodged, thus he is entitled as a matter of right to be certified. Third, it is contended that there is no requirement that a candidate be a member of a party for six months prior to the primary election.
Plaintiff-appellant first argues that he changed his party affiliation 180 days before the primary. To get 180 days, he counts May 11, 1971 (the day he registered as a Democrat) and November 6, 1971 (the day now scheduled for the Democratic Primary) and the intervening days. He contends that 30 days are to be counted for each month, citing LSA-C.C. Art. 961 and LSA-R.S. 6:583.
We reject this argument. LSA-R.S. 18:33. But if we were to use the suggested method of calculating months, plaintiff has not been a member of the Democratic Party for 180 days prior to the November 6, 1971 Democratic Primary. See LSA-R.S. 18:33 and LSA-C.C.P. Art. 5059. The first cited statute provides that a change of affiliation “does not permit the registrant to vote in any primary held by the political party to which he has changed his affiliation within six months of the change.” (Emphasis added). The cited Code of Civil Procedure article provides that in computing a period of time allowed or prescribed by law the date of the event after which the period begins to run is not to be included. The last day of the period is to be included.
Plaintiff’s second argument is that he “has never been certified and has never been challenged as required by law.” He submits that in the absence of a formal challenge as required by LSA-R.S. 18:307, plaintiff is entitled to be certified and that this is a ministerial duty which must be performed by the committee.
LSA-R.S. 18:307(A) and (B) provide:
“A. Any person who has filed his application to become a candidate, a qualified elector, or a member of any committee calling a primary election may object to the candidacy of any other person. The objection shall be in writing and shall contain, in detail, the reasons for the objection.
*197 “The objection shall he filed with the chairman or the secretary of the committee within five days after the last day upon which notification of intention to become a candidate may be filed.
“B. At the time of the filing the party making the objection shall file a certificate with the chairman or the secretary, in which he shall specifically declare that he has served or caused to be served upon the person whose candidacy he is objecting to an exact copy of the protest or objection, and shall state the time and the place such service was made. The service of the objections and protests shall be personal or domiciliary.
“The person whose candidacy is thus objected to has forty-eight hours within which to file his answer.”
The Evangeline Parish Democratic Executive Committee argues that the requirement (in R.S. 18:307) that the objection shall be in writing and shall contain the reasons for the objection) does not here apply because plaintiff’s application was never filed.
Plaintiff attempted to file his qualification papers on August 14, 1971. The Chairman was out of his office at the time so the papers were left with his secretary. On August IS, 1971, the Chairman notified plaintiff by telephone that his application had been rejected because he had not changed his party affiliation to the Democratic Party in time to become a candidate for the Democratic nomination at the November 6, 1971 primary. On August 16, 1971, the Chairman wrote and mailed a letter to him and to his attorney notifying them that the Evangeline Parish Democratic Executive Committee would meet on Tuesday, August 17, 1971 at 2:00 p. m. to consider his qualification papers. Plaintiff’s attorney appeared at that hearing and his arguments were heard, considered and rejected. The record does not show that any objection was made by or in behalf of plaintiff to such a hearing. Written notice of the rejection was mailed to plaintiff on August 17, 1971, stating that plaintiff “did not meet the qualifications to be a candidate for this office of the Democratic Party.”
Pretermitting defendant’s argument that LSA-R.S. 18:307 does not apply because the nomination papers were never filed, we find that there has been an adequate compliance with that statute.
The August 16 letter written by the Chairman of the committee constituted an objection in writing to plaintiff’s application to become a candidate. That letter contained in sufficient detail the reasons for the objection. Since the Chairman himself made the objection in writing and served it on plaintiff, we hold that the written objection was timely filed with the Chairman of the committee.
The hearing was held within five days after the last day upon which notification of intention to become a candidate could be filed. In view of the fact that plaintiff, through his attorney, appeared and participated in the hearing, without objection, we hold that the formal certificates and delays provided in LSA-R.S. 18:307 were waived.
Plaintiff’s third contention is that there is no requirement that a candidate be eligible to vote in a party primary. LSA-R.S. 18:33 and 308 provide to the contrary. Sciambra v. Orleans Parish Republican Executive Committee, 69 So.2d 171 (La.App.Orls.1954).
The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

. If the Democratic Primary is held after November II, 1971, the Evangeline Parish Democratic Executive Committee has conceded that plaintiff is entitled to be a candidate.