PER CURIAM.
Plaintiff, J. E. Jumonville, is a qualified elector of the Seventeenth Senatorial District of the State of Louisiana and is a candidate for the office of Senator of that district, having duly qualified for said office on August 2, 1975. In this suit he opposes the qualification of the defendant, John Wayne Jewell, as a candidate for said office on the grounds that Jewell did not qualify in accordance with law and, more particularly, with LSA-R.S. 18¡397.[1] Plaintiff has also brought suit against the Seventeenth Senatorial District Democratic Executive Committee and all of its members, even though they have not certified the defendant Jewell as a candidate to the Secretary of State; and as against these defendants plaintiff seeks to prohibit their certification of defendant Jewell to the Secretary of State as a candidate for the office of Senator. Suit was also filed against Wade O. Martin, Secretary of State of the State of Louisiana, to prohibit him from listing the name of defendant Jewell as a candidate for the office of Senator.
In accordance with LSA-R.S. 18:391, persons affiliated with a political party desiring to become a candidate for the office of Senator must file with the Chairman of the Senatorial District Democratic Executive Committee a written notice of their intention to become a candidate no later than 5:00 P. M. on the fifth day after the opening of qualifications. The defendant Jewell’s notice of his intention to become a candidate for the office of Senator was not received by the Chairman of the Seventeenth Senatorial District Democratic Executive Committee until the morning of August 8, 1975.
The evidence shows that the defendant Jewell caused the written notice of his intention to become a candidate for the office of Senator to be mailed through the United States mail to the Chairman of the Committee at his address in Plaquemine, Louisiana, before the 5:00 o’clock P. M. deadline on August 7, 1975.
The issues in the case are whether the defendant Jewell’s mailing of his notice of intention to become a candidate for the office of Senator through the mails was in compliance with LSA-R.S. 18:397 and whether the aforesaid statute is unconstitutional.
LSA-R.S. 18:397 provides:
§ 397. Filing papers or deposit with committee
“Whenever provision is made in this Part for the filing of any notice, deposit, or any other paper with any party committee or party officer, it shall be filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found or for any reason refuses to accept the paper or deposit, it may be filed with the secretary. If the secretary is not available, or refuses to accept the paper or deposit, or cannot be found, it may be deposited in the United States mail, at some point in Louisiana, by certified or registered mail in an envelope properly stamped *313 and addressed to the chairman, which deposit in the mail constitutes a proper filing as of that date.
“Failure of the chairman to receive the paper or deposit does not prejudice or deprive a person of any rights given him under this Part if the above conditions are complied with.”
The trial judge found that the defendant Jewell’s filing was not timely inasmuch as the Chairman of the Committee was the proper person with whom the defendant’s written declaration and notification of candidacy should have been filed, that the Chairman was available to receive the defendant’s filing, and that mailing of the same by the defendant in the United States mail did not satisfy the foregoing statutory requirement. We affirm.
Section 397 is a verbatim reenactment of LSA-R.S. 18:312 which was interpreted in Jordan v. 26th Senatorial District Democratic Executive Committee, 202 So.2d 681 (La.App. 4th Cir. 1967), writ refused, 251 La. 65, 203 So.2d 86 (1967). There a prospective candidate sent his notice of intent by certified mail to the home address of the Chairman of the Twenty-sixth Senatorial District Democratic Executive Committee two days prior to the deadline. The letter was never received and the Committee refused to certify him. The candidate contended that mailing the notice was sufficient under the statute, and, therefore, he should have been certified by the Committee. Following suit, the district court ordered that he be certified. The Court of Appeal reversed, stating:
“ * * * [I]n order for the mailing of plaintiff’s notice of intention and check to constitute a proper filing as of the date of that deposit in the mail, both the chairman and the secretary of the committee must have been unavailable, absent, unable to be found, or for any reason actually refused to accept the notice and the check. Otherwise plaintiff’s notice of intention was not filed on the date of mailing * * (Jordan v. 26th Senatorial District Democratic Executive Committee, 202 So.2d at 684)
The Court found that the Chairman of the Committee was at home for the three days prior to the deadline and that the prospective candidate, knowing the location of the residence, could have filed notice with him had he simply brought the papers there. Noting that both the Chairman and the Secretary were not absent in any manner and, therefore, not “unavailable” within the meaning of the statute, the appellate court held that the prospective candidate was precluded from relying upon the mailing provisions of the statute.
The defendant Jewell herein offers the same argument as that propounded in Jordan, supra,, that is, that the Committee Chairman, D. J. McDuffie, was unavailable when his decision to file was made, and, therefore, he should have been allowed to file by mail pursuant to Section 397. While it may be that Chairman McDuffie was remote to the defendant when he made his decision to file, the evidence shows that the Chairman, nevertheless, was available.
The record conclusively shows that both the Chairman and Secretary were available to the candidate during the entire five-day filing period. The defendant Jewell has not contended they were absent. During the qualifying week of August 2-7, 1975, McDuffie was present at his home or office. He asserted that his only absences during the period were temporary and that when he was absent, his wife or secretary was there since his office is under the same roof as his house. During this period of time the defendant Jewell did not make any attempt to contact him. In fact, McDuffie’s first notification that the defendant Jewell was intending to file was at approximately twenty minutes to five on the last day, August 7.
The defendant Jewell contends he did not make up his mind to run for the office until approximately 4:00 o’clock P.M. on *314 August 7, the last day for qualifying. At that time he was in Galveston, Texas, and communicated his decision to his father in New Roads. His father told him that he would tend to filing the papers.
The elder Jewell evidently realized at that point that he could not make the forty-mile trip to Plaquemine by the S :00 P. M. deadline to file with the Chairman in person. He then contacted his brother, Tom Jewell, a practicing attorney, for advice. Tom Jewell then called Edward J. Merrick, the ¡secretary of the Committee who is a resident of New Roads, seeking to file the qualification papers with him. The Secretary informed Jewell that he had no authority to accept the papers and that they should be filed with the Chairman, McDuffie. The Jewells then telephoned the Chairman and told him they were mailing the papers. The next day the defendant Jewell submitted affidavits of postal employees showing that he did, in fact, mail before the 5:00 o’clock P.M. deadline.
Under the clear wording of the statute, the mails are an improper means by which to submit qualifying papers where the prospective candidate cannot show the unavailability of the Committee Chairman. Since the right to become a candidate in an election is created and governed by law, that right can be exercised only upon the terms and conditions prescribed by that law. We hold that the provisions of R.S. 18:397 relative to filing by registered mail are inapplicable in the instant case since there was no showing that the Chairman was unavailable.
Lastly, defendant contends that an independent candidate has an unqualified right to deposit his qualification papers in the mail and the date and time of mailing shall be considered the date and time of filing. LSA-R.S. 18:391, subd. B. However, the rights of a person with party affiliation are qualified by the language of LSA-R.S. 18:397. It is contended that this language places a more onerous burden on party affiliates as candidates, and as such it is violative of the Fourteenth Amendment of the Constitution of the United States, denying unto defendant due process, and Article 1, Section 3 of the Louisiana Constitution of 1974, which prohibits laws that are arbitrarily, capriciously or unreasonably discriminative against a person because of his political affiliations.
In essence, two methods are provided for in the statute to accomplish qualification. One is applicable to the class of candidates that are party affiliates and another is made applicable to that class that are independents. Both have the objective of affording candidates an orderly means by which they may qualify as candidates. Where a party affiliate chooses to qualify, he is treated similarly under the law as are all party affiliates. The same may be said for independents. Likewise, the defendant Jewell had the option of either method of qualifying, i. e., as a member of a political party or as an independent candidate. He chose the former, and having done so, he subjected himself to the applicable statutory provisions relative thereto, and he cannot be heard to complain that he is discriminated against because independent candidates without qualification can use the U.S. mails to qualify moments before the qualifying deadline, while he cannot. For constitutional authorities, see Women’s Liberation Union of Rhode Island, Inc. v. Israel, 379 F.Supp. 44 (D.C.R.I.1974).
For the above reasons, the judgment of the trial court is affirmed, at the cost of defendant-appellant, John Wayne Jewell.
Affirmed.

. Act Nos. 1 and 199 of the Thirty-eighth Regular Session of the Louisiana Legislature which amended Chapter 2 of Title 18 of the Louisiana Revised Statutes of 1950, to add thereto a new Part, designated as Part 1-A, containing R.S. 18:384 through R.S. 18:423, became law effective July 1, 1975, upon the submission of a letter from the United States Attorney General on July 22, 1975, stating that he was not interposing an objection to implementation of the Acts.