PER CURIAM.
In this suit plaintiff Walter C. Dumas seeks by writ of mandamus to compel the Democratic State Central Committee and Honorable Wade O. Martin, Jr., Secretary of State of the State of Louisiana, to include his name on the ballot in the approaching primary election as a candidate for membership on the State Central Committee from District 26. From a judgment dismissing his suit on its merit, plaintiff has appealed.
The operable facts of the case, all of which were • stipulated, are as follows. Plaintiff possesses all of the qualifications necessary for candidacy for the office he seeks. Arthur C. Watson, Chairman of the Democratic State Central Committee is the proper person to receive the qualifying papers for that office. During the week preceding August 7, 1975, Mr. Watson was in Baton Rouge, Louisiana. On August 7, 1975, he was in his office at Natchitoches, Louisiana, all day until 5:00 o’clock p. m., during which time he received qualification papers from various candidates, and answered those phone calls which he could receive. It was stipulated that he would testify that he received qualifying papers from over 100 people and answered 178 phone calls on that day. The deadline for qualifying was 5:00 o’clock p. m., August 7, 1975.
Plaintiff attempted to reach Mr. Watson by phone from 1:15 o’clock p. m. until 3:00 o’clock p. m. on August 7, 1975, without success. At about 3:00 o’clock p. m., plaintiff contacted the office of Jesse Bankston, Secretary of the State Central Committee, and found that he was unavailable. Plaintiff then sent his qualifying papers to Mr. Watson by certified mail, which were deposited in the post office prior to 5:00 o’clock p. m. on August 7, 1975, and received by Mr. Watson on August 8, 1975.
Thereafter, the State Central Committee refused to certify plaintiff as a candidate and this suit followed.
The applicable provision of law is R.S. 18:397 which states:
“Whenever provision is made in this Part for the filing of any notice, deposit, or any other paper with any party committee or party officer, it shall be filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found or for any reason refuses to accept the paper or deposit, it may be filed with the secretary. If the secretary is not available, or refuses to accept the paper or deposit, or cannot be found, it may be deposited in the United States mail, at some point in Louisiana, by certified or registered mail in an envelope properly stamped and addressed to the chairman, which deposit in the mail constitutes a proper filing as of that date.”
Plaintiff argues that he did not make up his mind to become a candidate until 1:00 o’clock p. m. on August 7, 1975, and that, had he been successful in reaching Mr. Watson, and learning that he was in his office, plaintiff would have delivered the papers personally to Mr. Watson. He argues that, since he had no knowledge of the whereabouts of either the Chairman or the Secretary of the State Central Committee, they were not “available” within the terms of R.S. 18:397, and that it was proper to mail the papers as therein provided.
We find the argument to be without merit. The stipulations in the record show *675 that Mr. Watson was in his office all day on August 7, until 5 :00 o’clock p. m., and that he received qualifying papers from over 100 candidates. If he was available to them, he was available to plaintiff.
We hold that, if a committee chairman is present at his home, office or usual place of business, during the hours when qualification papers may legally be filed and accepted, and is ready and willing to receive such papers, he is “available” within the terms of R.S. 18:397. See Jumonville v. Jewell, 317 So.2d 616 (La.App., 1 Cir., 1975) and Jordan v. 26th Senatorial District Democratic Executive Committee, 202 So.2d 681 (La.App., 4th Cir., 1967), writ refused 251 La. 65, 203 So.2d 86 (1967).
Under the circumstances appellant’s attempt to contact the Committee Secretary is of no moment. The Chairman being available the law requires that appellant qualify with the Chairman.
The Judgment is affirmed at appellant’s cost.
Affirmed.