WATSON, Judge.
Plaintiff, John R. Tarver, filed this suit for a writ of mandamus directing defendants: Wade O. Martin, Jr., Secretary of State, State of Louisiana; and the Democratic Party of the State of Louisiana, to place plaintiff’s name on the ballot for the primary election of November 1, 1975, as a candidate for the office of Senator from the Thirtieth Senatorial District.
Plaintiff’s qualifying papers were rejected by the Thirtieth Senatorial District Democratic Executive Committee (hereafter the “Committee”) because they were sent by mail and received after the filing deadline rather than deposited with the chairman or the secretary of that committee. The trial court held that the Committee had no discretion to reject plaintiff’s qualifying papers in the absence of an objection to his candidacy filed in a “court of competent jurisdiction” in accordance with LSA-R.S. 18:396.[1] Judgment was *831 rendered by the trial court granting a writ of mandamus and ordering that Tarver’s qualifying papers be accepted and that his name be placed on the ballot. The Democratic Party of the State of Louisiana through Ms. Frances Anderson, chairperson of the Committee, has appealed suspen-sively.

Motion to Dismiss

Plaintiff has filed a motion to dismiss the appeal. Two objections are urged to the appeal: (1) that this court has erred in giving preferential hearing to defendant’s appeal; and (2) that appellant has shown no authority to appeal the trial court’s ruling. We will first consider these procedural questions.
Plaintiff-appellee first contends that this is not an election contest and therefore is not entitled to a preferential hearing. We disagree. The trial court’s ruling relies on LSA-R.S. 18:396. In part this statute provides:
“Each party may appeal the decision of the trial court to the court of appeal and appropriate jurisdiction.
******
“ . . . the time within which an appeal may be taken and prosecuted, and the time within which the appellate court must render a decision shall, as far as practicable, be as is hereinafter provided for contesting elections.”
The appropriate procedure thus is that provided in LSA-R.S. 18:420(E), the statute for contesting elections, as follows:
“The party cast may appeal as in other cases, upon giving bond for a sum to be fixed by the court to cover all costs of court. However, the appeal shall be filed in the court of appeal of appropriate jurisdiction within not more than five days from the rendition of the judgment, and shall be tried on the original record and by preference over all other cases whatsoever.' The appellate court shall decide the issue within twenty-four hours after submission.”
Therefore, we find no merit to the contention that this appeal is not entitled to a preferential hearing.
The second procedural issue raised by plaintiff’s motion to dismiss the appeal is that the Democratic Party of the State of Louisiana, appearing through the Committee, defendant-appellant herein, has no right to prosecute this appeal. The issue raised is one of procedural capacity. Since the writ of mandamus of the trial court was directed to the Secretary of State of Louisiana and the Democratic Party of the State of Louisiana, judgment was rendered against these parties. These parties are also those plaintiffs named as defendants in his petition. Plaintiff can not name the Democratic Party of the State of Louisiana as defendant and secure judgment accordingly and then deny the right of the party cast to appeal. Further, the Democratic Party of the State of Louisiana, through its appropriate committee, here the 30th Senatorial District Democratic Executive Committee, is the proper party defendant in this case. State v. Republican State Central Committee, 192 So. 740 (La.App. 1 Cir. 1939). An unincorporated association such as the Democratic Party can be sued in its own name. LSA-C.C.P. art. 738.
Argument has been made by plaintiff that a resolution by the Democratic Party or its Central Committee is necessary to support the appeal. After suing the Democratic Party through Committee, *832 and, after filing an amended petition, asking service only on the Secretary of State and the Committee chairperson, the plaintiff can not now be heard to question the authority of the chairperson to appeal.
Plaintiff Tarver cites Yuratich v. Plaquemines Parish Democratic Exec. Com., 32 So.2d 647 (La.App.Orl.1947) as authority for his contention that the proper party to maintain this appeal is the State Central Committee of the Democratic Party. We do not find the Yuratich case to be in point.
In the case at bar the parties-defendant were selected by plaintiff, and he can not complain for the first time on appeal that a party cast in judgment as the result of his suit is not a proper party to maintain this appeal. Compare Lasseigne v. Martin, 202 So.2d 250 (La.App. 1 Cir. 1967) where the Democratic State Central Committee was not named as a party defendant, although the chairman was, and it was held that the committee would be considered as a party to the suit.
There is no merit to the contention that the Democratic Party has no right to appeal.
Plaintiff’s motion to dismiss the appeal is denied.

On the Merits

The issues presented on the merits are: (1) whether plaintiff’s mailing of his qualifying papers constitutes a valid qualification as a candidate for the office of state senator; and (2) whether committees of the Democratic Party of the State of Louisiana can decline to certify a person as a candidate for office in the absence of a formal objection to the candidacy filed in a court of competent jurisdiction under the provisions of LSA-R.S. 18:396.
The facts were stipulated. On the last day of the qualifying period for the office of state senator from the 30th Senatorial District, August 7, 1975, plaintiff, John R. Tarver, decided to qualify at approximately 4:00 p. m. Plaintiff Tarver was, at that time, in Many, Louisiana and attempted to contact the chairperson of the Committee, Ms. Frances Anderson of Leesville, Louisiana. He was advised that chairperson Anderson would not be available in her office prior to the close of qualification at 5:00 p. m. One Bernard Miller then contacted the chairman of the Democratic State Central Committee, Arthur Watson, on behalf of Tarver. Miller was advised by Watson that, in the absence of chairperson Anderson, Tarver should qualify with the secretary of the Committee, Stuart S. Kay, Jr. Tarver made no attempt to contact Kay by telephone or to be physically present in Kay’s office in DeRidder, Louisiana prior to 5:00 p. m. In view of the distance between Many and DeRidder, Louisiana, Tarver decided that Kay was inaccessable to him prior to 5:00 p. m. and posted his qualifying form and fees in the United States Mail at approximately 4:20 p. m. addressed to Ms. Anderson. The latter re-ceivéd these papers on August 8, 1975, at 1:30 p. m., which was after the deadline for qualifying. The Committee met on August 9, 1975, and determined that Tarver was not entitled to qualify by mail, because the secretary of the Committee was available to him in DeRidder, Louisiana until the close of qualification at 5:00 p. m. on August 7, 1975. Secretary Kay was in fact available until after 5:00 p. m. that day. The Committee rejected Tarver’s qualification papers, and returned his papers and fees to him by certified mail.
As to the first issue, Tarver’s right to qualify by mail is precisely provided and limited by LSA-R.S. 18:397 which states:
§ 397. Filing papers or deposit with committee
Whenever provision is made in this Part for the filing of any notice, deposit, or any other paper with any party committee or party officer, it shall be filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found or for *833 any reason refuses to accept the paper or deposit, it may be filed with the secretary. If the secretary is not available or refuses to accept the paper or deposit, or cannot be found, it may be deposited in the United States mail, at some point in Louisiana, by certified or registered mail in an envelope properly stamped and addressed to the chairman, which deposit in the mail constitutes a proper filing as of that date.
Failure of the chairman to receive the paper or deposit does not prejudice or deprive a person of any rights given him under this Part if the above conditions are complied with.
It is clear under the statute that Tarver had no right to qualify by mail when the secretary, Stuart S. Kay, Jr., was available. The parties stipulated that Kay was available and the issue clearly must be decided adversely to plaintiff.
Both the First Circuit and the Fourth Circuit Courts of Appeal have decided this exact issue in accordance with our views. See Jumonville v. Jewell, 320 So.2d 311 (La.App. 1 Cir. 1975), writ denied; Jordan v. 26th Senatorial Dist. Dem. Ex. Com., 202 So.2d 681 (La.App. 4 Cir. 1967), writ refused, 251 La. 65, 203 So.2d 86 (1967).
As to the second issue, the trial court held that the Committee was required to certify Tarver as a candidate in the absence of a formal objection filed in a court of competent jurisdiction under the provisions of LSA-R.S. 18:396., The trial court relied on Guillory v. Evangeline Parish Dem. Exec. Com., 252 So.2d 195 (La.App. 3 Cir. 1971). Guillory is not directly in point. This court in Guillory determined that there was an adequate compliance with LSA-R.S. 18:307 (the law prior to the enactment of 18:396), through the writing of a letter by the committee chairman setting out the objections to Guillory’s qualifications. This court specifically held that it was “Pretermitting defendant’s argument that LSA-R.S. 18:307 does not apply because the nomination papers were never filed ...” 252 So.2d 197. In other words, this Court never reached the issue of whether Guillory had filed his papers and had become a candidate, because the case turned on the point that a proper objection had been made. Plaintiff Tar-ver’s situation is the opposite — no objection was filed because Tarver’s papers were declined and he never became a candidate.
LSA-R.S. 18:396 provides a method by which candidacy can be questioned but an objection filed under this statute is not mandatory in order for a committee of the Democratic Party to note a person’s failure to properly qualify. An amicus curiae brief on behalf of Watson, the chairman of the Democratic State Central Committee, points out the practical difficulties which would be created if the Democratic Party of the State of Louisiana or committees thereof did not have the discretion to reject qualifying papers not timely or properly filed in the absence of a formal objection to those papers. That is not the intent of the statute. LSA-R.S. 18:391. “Filing notification of candidacy; declaration of qualifications; dual candidacy” provides in two places that:
“The name of no candidate shall appear on the ballot in violation of this Subsection.”
These mandatory provisions of the statute would be in conflict with LSA-R.S. 18:396 if a formal objection under LSA-R.S. 18:396 were a pre-requisite to noting a person’s failure to properly qualify.
A further mandatory provision in regard to primary elections in the State of Louisiana is LSA-R.S. 18:281 which provides in part:
“The Secretary of State shall not place on the official ballot the name of any person as a candidate for any political *834 party not nominated in accordance with the provisions of this Part.”
The law governing' primary elections clearly requires compliance with its provisions before candidates can be certified and placed on the ballot. See State v. Democratic Second Pub. Serv. Dist. Exec. Com., 243 La. 151, 142 So.2d 378 (1962). LSA-R.S. 18:396 provides that any elector can object to a candidate by filing a written petition in a court of competent jurisdiction but this statute does not apply until a candidate has qualified according to law. LSA-R.S. 18:385(B) has further mandatory language in regard to qualification of candidates:
■“No person, regardless of political party affiliation or lack of political party affiliation, shall be eligible to be voted upon as a candidate for any office in any general election listed in Subsection A of this Section who has not been nominated as a candidate under the provisions of this Part.”
The trial court found as a fact that Tarver did not file his qualifying papers in accordance with the statute. In other words, the trial court found, and we find, that Tarver never became a “candidate”. Thus, there was no necessity or requirement that his candidacy be challenged in court. We do not agree with the trial court’s further finding that Tarver’s failure to properly qualify can only be raised by a written petition in a court of competent jurisdiction. Tarver’s failure to comply with the statutory requirements for qualification was properly noted by the Committee.
A person’s qualifying papers must be filed timely [LSA-R.S. 18:391 (A)] and a refusal to accept papers filed too late is a proper function of the committee calling the election. It would be pointless for the committee to go to court to obtain authority to refuse the proffered notice of intention which is submitted too late; the law does not require the doing of a useless and vain thing.
For the foregoing reasons, the judgment of the trial court is reversed and the writ of mandamus is recalled and set aside.
Reversed. Writ recalled and set aside.

. LSA-R.S. 18:396 (as enacted by Act 1 of 1975):
§ 396. Objection to candidacy; certificate; suit; appeal
Any person who has filed his application to become a candidate or any other qualified elector may object to the candidacy of any other person. The objection shall be in writing and by petition and shall contain, in detail, the reasons for the objection and shall be filed with any court of competent jurisdiction within five calendar days after the last day upon which notification of intention to become a candidate may be filed, or on the next judicial day if the fifth day is a legal holiday. The person whose candidacy is thus objected to has forty-eight hours within which to file his answer. Not later than the third judicial day after the answer has been filed, the court shall convene and hear the evidence offered by any of the parties or their counsel, and within twenty-four hours after the hearing is closed shall render an opinion. Each party may appeal the decision of the trial court to the court of appeal of appropriate jurisdiction. The committee or the board of supervisors of elections, or the secretary of state, as the case may be, is a necessary party, and service of a copy of the petition and a copy of all other court proceedings shall be made upon the chairman or the secretary of the committee or upon, the president of the board of supervisors of *831 elections, or upon the secretary of state, as the case may be. The jurisdiction of the court, the time within which suit must be filed, the delay for answering, the method of procedure and trial, the time within which a decision shall be rendered by the lower court, the time within which an appeal may be taken and prosecuted, and the time within which the appellate court must render a decision shall, as far as practicable, be as is hereinafter provided for contesting elections.